STATE OF MINNESOTA ex rel. THEODORE STREISSGUTH v. JOHN GEIB and Others.[1]

November 20, 1896.

Nos. 10,144—(62).

**County Seat—Petition for Removal—Withdrawal of Names.**

Electors who have signed a petition for the removal of a county seat have the absolute right to demand of the board of county commissioners, at any time before it has completed its action on the petition, that their names be withdrawn therefrom. But such demand cannot be made of the county auditor. It can only be made at a session of the board called to consider the petition. Slingerland v. Norton, 59 Minn. 351, followed.

**Same—Power of Attorney—Revocation.**

Where a withdrawal by an elector of his name from such petition was presented by his attorney in fact to such board, and, before any action thereon was had, a recall of the withdrawal, and a revocation of the authority of the attorney, were presented to the board, it had no authority to remove such name from the petition.

**Same—Restoration of Names—Mandamus.**

Where a board of county commissioners illegally strikes from such petition the names of electors, so that the number remaining is reduced below the minimum required for a valid petition, mandamus will lie to compel a restoration of the names to the petition.

Appeal by defendants from a judgment of the district court for Sibley county, entered in pursuance of the findings and order of Severance and Cadwell, JJ. Affirmed.

[1] Reported in 68 N. W. 1081.

*Ed. H. Huebner*, for appellants.

*McClelland & Tifft, John Lind*, and *P. A. Cosgrove*, for respond-ent.

START, C. J. This is an appeal by the defendants from the judgment of the district court of the county of Sibley adjudging that a peremptory writ of mandamus issue, directing the defendants, as the board of county commissioners of such county, to reconvene and annul their previous action in directing the striking from a petition, for the removal of the county seat from the city of Henderson to the village of Arlington, the names of 144 petitioners, and restore such names to the petition, and take action thereon as provided by statute. On the trial of this case, it was stipulated that the allegations of fact in the alternative writ as amended were true, and the judgment of the court was based on such facts, which, so far as here material, are these:

On December 31, 1895, the petition for the removal of the county seat was filed in the office of the county auditor. Thereafter 144 of the electors who had signed the petition severally executed an instrument, which was both a power of attorney and a withdrawal, in which the signer declared that he thereby withdrew his name from the petition, and authorized his attorney in fact, named and appointed therein, to strike his name from the petition, and instructed him to do so and to demand from the person or officer having the petition the opportunity to strike his name therefrom. We shall, for the sake of brevity, hereinafter refer to such instruments as the "withdrawals." After the execution of the withdrawals and delivery thereof to the persons named therein as the attorneys in fact of the signers, and before the board of county commissioners had convened to act on the petition, each of the withdrawals was exhibited by such attorney in fact to the county auditor, in whose official possession the petition then was, and demand was made upon him for the right and opportunity to strike the name of the person executing the withdrawal from the petition, which was refused.

After such presentation of the withdrawals to the auditor, but before any of the names of the signers thereof had been in fact stricken from the petition, and before any action had thereon by the board of county commissioners, each of the 144 persons executing the with-

drawals executed and delivered to the relator and other proponents of the petition an instrument, duly witnessed and acknowledged (which will be hereinafter referred to as a "revocation"), wherein he declared that he revoked and recalled his withdrawal, and demanded that his name remain on the petition and that he be counted as one of the petitioners. He further expressly stated therein that any power of attorney or authority previously given by him to remove his name from the petition was thereby revoked, and all persons forbidden to remove or erase his name from the petition.

Afterwards, while the board of county commissioners was in session and proceeding with the consideration of the petition, the respective attorneys named in the withdrawals presented each of them to the board, and demanded the right and opportunity to strike from the petition the name of the person who had executed the withdrawal in each case, to which the relator then objected, and he immediately and publicly announced and presented to the board the revocation of the withdrawal in each case presented by such attorneys; but the board refused to recognize or receive the revocations, and the names of the persons so executing such withdrawals, respectively, were, by permission and authority of the board, stricken from the petition, by drawing a line through the signature of each of such petitioners, leaving their names still legible. The erasing of these 144 names from the petition reduced the number of legal petitioners below the legal minimum, but, counting such names, the total exceeded it.

The trial court, upon the admitted facts, held that the action of the board in erasing the names in question was illegal and that mandamus would lie to compel the board to reconvene, cancel the erasure of such names to the petition, and proceed to consider the same. The claim of the appellants is that the action of the board was legal, but that, if not, mandamus is not the proper remedy to correct the error.

1. If the action of the board in erasing the names involved the consideration of disputed questions of fact, and the exercise of a discretion which it had lawfully exercised, then it is true, as claimed, that mandamus would not lie. But such was not this case, for the facts, as stipulated by the parties, show that the action of the board was not based upon a decision of disputed questions of fact, or the exercise of any discretion, and, if it erred in the premises, it was as to a

question of law. Mandamus is a proper remedy in such a case. Merrill, Mand. § 111; State v. Board of Sup'rs of Polk Co., 88 Wis. 355, 60 N. W. 266.

2. The appellants further claim that the withdrawals took effect upon their execution; that their legal effect, upon presentation to the auditor, was to remove the names of the persons executing them from the petition; and that, after such petitioners had once withdrawn their names, they could not, by a revocation of the withdrawals, restore their names to the petition. It is not necessary to pass on this last claim, and it may be conceded for the purposes of this case that such petitioners could not shuttlecock their names on the petition.

The real and only question in this case is whether the petitioners ever did withdraw their names from the petition. That they had the absolute right to demand of the board to have their names withdrawn therefrom, at any time before the board had completed its inquiry and determination in the matter of purging the petition, as provided by statute, is the settled law of this state. But such a demand cannot be made of the county auditor. It can only be made of the board, at a session called to consider the petition. Slingerland v. Norton, 59 Minn. 351, 61 N. W. 322.

The presentation of the withdrawals to the auditor, and demand on him for an opportunity to strike from the petition the names of the persons executing the withdrawals, did not operate as a removal of the names from the petition. The auditor is the official custodian of the petition, with no authority to purge it of any names or permit any names to be removed therefrom. That duty is committed by the statute to the board, to be discharged publicly, in an open session previously appointed, and notice thereof given, at which all parties interested may appear in person or by an attorney and be heard in respect to the matters to be determined by the board.[2] To permit the auditor to pass upon the genuineness of the withdrawals, or their validity, or the identity of the persons seeking to withdraw names from the petition, and thereby arrest it on its way to the board, would not only invite flagrant abuses, but it would be manifestly contrary to the intention of the statute, which seeks to secure perfect fairness and to avoid all opportunity for fraud, by requiring notice and publicity as to all the proceedings for the removal of a county seat. After

[2] G. S. 1894, § 648.

the petition is filed with the auditor, the right of a petitioner to consummate a withdrawal of his name therefrom is in abeyance until the board meets in open session to consider the petition.

It follows that neither the execution of the withdrawals and their delivery to the attorneys in fact therein named, nor their presentation to the auditor and the demand for the opportunity to strike the names of the persons executing the withdrawals from the petition, effected a withdrawal of such names. Until the withdrawals and powers of attorney were presented to the board, and acted upon, they were in fieri; and the persons executing the instruments could recall the withdrawals, and revoke the authority of their attorneys to give effect to the withdrawals, by appearing before the board and causing their names to be erased from the petition. While the withdrawal remained in the possession of the attorney, and before the board acted upon it, such possession was that of the petitioner, and it was subject to his absolute control. When the attorney presented the withdrawal with his authority to make it effectual, he was met with a complete and absolute revocation of his authority, and a recall of the withdrawal. The poison and the antidote were concurrently administered. Both the attorney and the board had in each case due notice that the withdrawal had been recalled, and the power of attorney revoked, before any action had thereon; hence the erasure from the petition of the names of the 144 electors, here in question, was unauthorized and void.

Judgment affirmed.