## SHOEMAKER *v.* WILLIAMSON.

[No. 19,385. Filed March 28, 1901.]

DRAINS.—*Petition.—Attacked for First Time on Appeal.*—A drainage petition will not be held insufficient when attacked for the first time on appeal, unless there is a total absence of averment of some fact absolutely necessary to the support of the proceeding. *p. 385.*

SAME.—*Petition.—Sufficiency.*—A petition for a drain will not be held bad on an appeal from a judgment establishing the drain because of the failure of the petitioner to allege that he was the owner of land liable to be affected by or assessed for the expenses of construction of the ditch. *pp. 386, 387.*

From the Wells Circuit Court. *Affirmed.*

*A. N. Martin* and *W. H. Eichhorn,* for appellant.
*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellee.

HADLEY, J.—Appellee filed his petition before the board of commissioners for the construction of a ditch under the drainage act of 1881, §5655 *et seq.* Burns 1894, §4285 R. S. 1881 and Horner 1897. Viewers were appointed who reported in favor of the ditch, and assessed $19.76 as benefits against appellant's land. Appellant filed a remonstrance

Shoemaker v. Williamson.

upon the ground that the ditch was not of public utility and that her assessment was too high. Reviewers were appointed who reported that the action of the first viewers was "just and correct." Appellant filed a second remonstrance, assigning substantially the same reasons as in the first, which was overruled, and a final order for the construction of the ditch entered by the commissioners. Appellant appealed to the circuit court, where, upon trial, and a special finding of facts, the court rendered judgment for the construction of the ditch and confirming the assessment made by the viewers against the lands of appellant. From this judgment appellant appeals to this court.

Appellant assails in this court for the first time the sufficiency of appellee's petition for the drain. This is permissible under §346 of the code. There are, however, many objections to a complaint, or petition, that a defendant might avail himself of on appeal if presented at the proper time and in the proper mode, which become unavailable after the complaint has been strengthened by the presumptions indulged in favor of the decisions of the trial court and the general curative virtues of a verdict, or finding. It is a wholesome rule, well settled in this State, that a defendant may not respond to a complaint without objection, and proceed with the litigation to final judgment, and, after the court's time has been employed and costs accumulated, then successfully overthrow the complaint and that which has been constructed upon it, unless there is a total absence therefrom of the averment of some fact essential to the existence of the cause of action, that is, a total absence of averment of some fact absolutely necessary to the support of the proceeding. *Smith v. Smith,* 106 Ind. 43, 45; *Laverty v. State,* 109 Ind. 217, 219; *Taylor v. Johnson,* 113 Ind. 164, 167; *Wells v. Rhodes,* 114 Ind. 467, 469; *Pennsylvania Co. v. Congdon,* 134 Ind. 226, 229, 39 Am. St. 251.

So much of the statute (§5656) as relates to the character

of the petition reads thus: "Before the board of county commissioners shall establish any ditch, * * * there shall be filed with the auditor of such county a petition, signed by one or more of the landowners whose lands will be liable to be affected by or assessed for the expenses of the construction of the same, setting forth the necessity thereof, with a general description of the proposed starting point, route and terminus." Omitting the caption the petition is as follows: "The undersigned freeholder of Wells county respectfully petitions for the location of a public ditch, drain, or water course, in Liberty township of said county, for the following reasons, to wit: That large portions of land through which said ditch will pass are totally unproductive for want of proper drainage; that the construction of a ditch will not only be conducive of public health, convenience, or welfare, but the same will be of public benefit and utility, and that such drainage can not be obtained without entering upon and passing through the lands adjoining, the owners of a portion of which are unwilling to engage in the enterprise of improvement. I therefore ask your honorable body to cause to be constructed a ditch or water course as provided by the act of the General Assembly of the State of Indiana for reclaiming wet lands, approved April 21, 1881, upon the following route, to wit: * * * The petitioner further asks that said ditch be tiled. [Signed] B. S. Williamson."

The argument is that the petition is incurably bad for failure of the petitioner to allege that he was the owner of land liable to be affected by, or assessed for, the expenses of construction of the ditch. It will be observed that the point made goes to the qualification of the petitioner, and not to the facts required by the statute to be averred. The reading of the statute is that the petition shall set forth the necessity for the ditch, with a general description of the proposed starting point, route and terminus. And this is all that the statute prescribes the petition shall contain, but it must be signed by one who is the owner of land liable to

be affected. The only facts, therefore, essential to the framing of a valid cause of action are the statement of the necessity for the ditch and a general description of the beginning and ending and route traversed. So far as the sufficiency of the petition is concerned, the qualification of the petitioner might as well be affixed to his signature as stated in the body of the petition, and we see no reason why it might not be omitted altogether and proved upon the hearing as any other fact. It is certainly very clear that the omission from the petition complained of does not belong to that class of infirmities that may be invoked for the first time in this court. *Watkins* v. *Pickering,* 92 Ind. 332; *Watson* v. *Crowsore,* 93 Ind. 220; *Forsyth* v. *Wilcox,* 143 Ind. 144, 147.

Further complaint is made of the conclusions of law and the action of the court in overruling appellant's motion for a *venire de novo* and for a new trial. The special finding is commendably concise, but contains a statement of every material fact necessary to be found under the issues, and the facts are consistent and free from uncertainty. The conclusions of law drawn therefrom are correctly stated. The insufficiency of the evidence to support the finding, that the same is contrary to law, and the admission of divers items of evidence are assigned as reasons for a new trial. The evidence is sufficient, and the finding is not contrary to law. The testimony admitted over appellant's objection tended to establish the necessity for the drain and appellant's benefits, and while some of the questions and answers were immaterial we are unable to see how the appellant can be injured thereby.

Appellant has had the concurrent judgment of three tribunals—of unquestioned fitness and impartiality—that the assessment of $19.76 as benefits against her land is just and fair, and upon a careful examination of the record we perceive no reason why the result should be disturbed. Judgment affirmed. . . .