QUIRIN GERBER v. BOARD OF COUNTY COMMISSIONERS OF WRIGHT COUNTY.[1]

May 22, 1903.

Nos. 13,452—(111).

### Creation of School District.

Jurisdiction is conferred upon the board of county commissioners to establish a new school district under G. S. 1894, §§ 3667, 3668, 3669, when a proper petition, duly signed by a majority of the resident freeholders of the proposed district, who are entitled to vote at the school meetings, respectively, is presented to the board; and, after the date of hearing thereon has been fixed and notice given, jurisdiction is not lost by reason of the fact that, after the petition was signed, the number of resident freeholders increased to such an extent that at the date of the hearing the signers of the petition constituted less than a majority.

### Jurisdiction of County Commissioners.

Jurisdiction having been conferred as above stated, the commissioners did not exceed their authority in proceeding upon due consideration,

[1] Reported in 94 N. W. 886.

after the hearing, to establish the district, even though a majority of such freeholders did not concur therein.

Appeal by defendant from a judgment of the district court for Wright county, Giddings, J., vacating an order of defendant board of county commissioners for said county, by which a new school district was attempted to be organized within its jurisdiction. Reversed.

*E. S. Oakley,* County Attorney, and *J. T. Alley,* for appellant.

*James C. Tarbox,* for respondent.

LEWIS, J.

November 26, 1901, a petition was presented to the board of county commissioners of Wright county for the organization and establishment of a school district. The petition was signed by a majority of the freeholders then residing in the territory of the proposed new district who were entitled to vote at school meetings in their respective school districts, and in all respects complied with the law. Thereupon the commissioners caused notice of the time and place of hearing upon the petition to be given, fixing the day, January 9, 1902, when a hearing was had, which resulted in an order by the board establishing the new district as prayed for. Appeal was taken from their action to the district court, which terminated in a judgment annulling the order appealed from, and the matter was brought to this court by appeal from the judgment.

It appears from the findings of the trial court that on December 30, 1901, the petition was presented to the board of county commissioners, and, before the day of hearing, a resident of the territory affected by the new school district, being the owner of a tract of land therein, conveyed, by proper conveyance, one-half acre of land to each of nine different residents of the new district, thereby constituting them freeholders within that district. The question is raised whether such fact did not deprive the board of jurisdiction, and, if not, then was the order establishing the district invalid because not acquiesced in by a majority of the resident freeholders at that time?

Section 3667, G. S. 1894, provides that, whenever it may be de-

sired by the residents and taxpayers of one or more school districts to organize a new district, they shall petition the board of county commissioners, and such petition shall be signed, in writing, by a majority of the freeholders residing within the territory of the proposed new district who are entitled to vote at school meetings in the respective districts. Section 3668 provides that, upon presentation of the petition to the commissioners, they shall appoint a time and place of hearing and give certain notices. And section 3669, as amended by Laws 1901, p. 151 (c. 125), is to the effect that, at the time and place appointed for such hearing, the commissioners, having publicly read the petition, shall proceed to consider the same, and, having listened to argument by persons interested, shall cause their decision to be entered, which decision shall be final.

These sections, when construed together, mean simply this: That, in order to confer jurisdiction upon the board, a petition in due form must be presented to it, with the signatures of a majority of the resident freeholders in the proposed district. At the time of the hearing the matter is open for general discussion, in which all residents and freeholders in the district are permitted to participate, and there is nothing in the act requiring affirmative action by a majority of the then resident freeholders. The board acts upon the evidence before it, and if, at that time, a majority are against the proposition, such fact would have due weight, but is not controlling. If the petition was in conformity to the requirements of the statute, and the signers thereof constituted a majority of the resident freeholders, it is immaterial whether the number is decreased or increased between the time such petition was presented to the board and the date of the hearing, for the jurisdiction thus acquired is not affected by such change. It is not necessary to refer in particular to the method adopted in this case to increase the number. To say the least, it was a questionable proceeding, conceding respondent's contention correct as to the law.

Judgment reversed.