JOHN P. BLOOMQUIST v. COUNTY OF WASHINGTON.[1]

May 31, 1907.

Nos. 15,110—(104).

**Organization of School District.**

Chapter 125, p. 152, Laws 1901, providing for an appeal to the district court from the action of boards of county commissioners in organizing new school districts, is not so indefinite as to be void for uncertainty.

**Same—Jurisdiction of Court.**

When boards of county commissioners have acted upon a petition to organize a new school district out of parts of other districts lying in different counties, appeal may be taken by any qualified person residing in any part of the proposed new district to the district court of any county in which is located any part of the new territory; and, when an appeal is thus perfected, that court acquires jurisdiction of the subject-matter, and the county commissioners of the other counties have no interest therein.

**Same—County Board.**

Although the minutes of the county board did not state the precise question acted upon, it not appearing that the board lost jurisdiction, after receiving the petition, by failing to cause the proper notices to be published and posted, it will be presumed that the board retained jurisdiction, considered the petition on its merits, and denied the same on the ground appealed from, viz., that it was not in accord with the best interests of the inhabitants of the proposed new district.

From an order of the board of commissioners of Washington county denying a petition for organizing a new school district, John P. Bloomquist, one of the petitioners, appealed to the district court for Chisago county. The appeal was tried before Crosby, J., and a jury, which rendered a verdict in favor of petitioner. From an order denying a motion to set aside the verdict and for a new trial, the board of county commissioners appealed. Affirmed.

*J. C. Nethaway,* for appellant.

*P. H. Stolberg,* for respondent.

LEWIS, J.

Section 3669, G. S. 1894, was amended by chapter 125, p. 152, Laws 1901, so as to provide for an appeal from the action of the board

[1] Reported in 112 N. W. 253.

of county commissioners in organizing new school districts, in part
as follows:

> Any petitioner, voter or freeholder of any of the districts
> affected by such order, feeling aggrieved by the action of the
> county commissioners, organizing or refusing to organize the
> district as prayed in such petition may appeal to the district
> court of any county in which is situated any part of the ter-
> ritory embraced within the boundaries of such proposed new
> district, upon any of the following grounds:
>
> First. That the board of county commissioners had no ju-
> risdiction to act.
>
> Second. That the board of county commissioners exceeded
> their authority.
>
> Third. That the action of the county commissioners is not
> in accord with the best interests of the inhabitants of the ter-
> ritory to be affected thereby.
>
> Any such person desiring to appeal from the action of such
> commissioners, shall within thirty (30) days after the entry
> of the order appealed from, make and serve upon the auditor
> of the proper county or counties a notice of appeal, specifying
> the grounds thereof, and shall execute a bond to the board of
> county commissioners of the county to which an appeal is
> taken, in the penal sum of three hundred dollars ($300), with
> two or more sureties, to be approved by the auditor of such
> county, to secure the payment of the costs that may be taxed
> against such appellant in case such appeal shall not be sustain-
> ed. Such appeal shall be certified and tried, and such subse-
> quent proceedings had as in other appeals from the board of
> county commissioners to the district court.

Section 3670, G. S. 1894, provides that, when the territory em-
braced in the proposed district consists of parts of two or more coun-
ties, the petition shall be in duplicate, or more, as the case may be,
and one presented to the board of commissioners of each of said coun-
ties, who shall severally proceed to hear the petition in the manner
directed; and it shall be requisite to the organization of such dis-

trict in such case that the action of each of such boards be in the affirmative.

In August, 1903, John P. Bloomquist, respondent, with fifteen others, signed a petition in duplicate, addressed to the boards of county commissioners of Washington and Chisago counties, representing that they were a majority of the freeholders residing within the territory therein described, and were entitled to vote in school meetings in their respective districts. The petition set out the proposed territory for a new district and contained the following statement: "Fourth. That the school districts affected by the organization of the said proposed new district are school district No. 38, Chisago county; * * * also school district No. 38, Washington county; * * * also school district No. 1, Washington county." As appears from the minutes of the official proceedings of the board of county commissioners of Washington county, this petition was considered May 3, 1904, as the following entry shows: "Matter of petition of J. P. Bloomquist and others for organizing new school district came up for action. A remonstrance signed by Peter Larson and 46 others, protesting against the proposed new district was filed. On motion, the prayer of the petitioners was denied, and the petition dismissed." Thereupon respondent appealed to the district court of Chisago county from the action of the board of commissioners of Washington county, and the notice of appeal recites that the ground upon which the appeal is based is "that the action of the county commissioners of said Washington county is not in accordance with the best interests of the inhabitants of the territory affected by said petition." As appears by the return, on May 27, 1904, due service of the appeal was made on the auditor of Chisago county, and a bond for $300 was duly executed by respondent and sureties May 27, 1904, and approved by the county auditor of Chisago county. The matter came on for trial at the October, 1906, term of the district court for Chisago county, and counsel for the board of county commissioners of Washington county, appellant here, moved to dismiss the appeal, first, upon the ground that it should have been taken to the district court of Washington county, and that the district court of Chisago county had no jurisdiction to try the action; second, that the notice of appeal was not served upon the county auditor of Washington

county; and, third, that no proper bond had been executed and filed in accordance with the law. The motion was overruled, and the following question submitted to the jury: "Do the best interests of the inhabitants of the territory to be affected require the formation of a new district?" The jury answered the question in the affirmative, and this appeal is from the order of the court denying appellant's motion to set aside the verdict and grant a new trial.

1. The main question is whether the appeal from the action of the board of county commissioners of Washington county to the district court of Chisago county conferred jurisdiction upon that court. That part of the law above quoted, with reference to appeals, was entirely new, being an enlargement of the provisions of section 3669, yet it was enacted undoubtedly with reference to the other provisions then in force with respect to the organizing of new school districts, and the entire law upon the subject of organizing school districts must be considered, including section 3670. It has been suggested that the law is so confusing that it is impossible to determine how appeals should be taken in cases where the proposed district is formed out of districts lying in different counties. If it was intended to confer upon all petitioners, voters, or freeholders of any of the districts affected power to appeal to the district court of either of the counties, then the result would be most disastrous in case of several appeals to different jurisdictions, and yet it is claimed that such is the meaning of the language of the act. Again, it is said that to enable a resident of one county to take an appeal from the action of the board of county commissioners of another county to the district court of the county wherein appellant resides is an unwarranted procedure, in that it enables a resident of one county to interfere with the internal affairs of another county. These suggestions are pertinent, and it is not without some hesitation that we have arrived at a conclusion.

It is true that it would be most confusing if there were no restrictions upon the number of appeals, and if it were permissible to try the same question in different jurisdictions. It should be remembered, however, that a school district is a peculiarly local institution, and has no close connection with the county in which the district is situated, although the county commissioners are authorized, primarily, to pass upon the necessity of organizing new districts within the county. The legis-

lature attempted to provide for those instances where the inhabitants would be more conveniently and economically accommodated with school facilities by making new districts out of old ones, even though the new districts were formed out of districts lying in different counties. The legislature also endeavored to provide for a review by the district court of the action of boards of county commissioners. To accomplish that purpose in the simplest way it enacted that the action of any board of commissioners might be reviewed by appealing to the district court of any county in which was situated any part of a proposed district, and that any petitioner, voter, or freeholder in any part of any district so affected, might take the appeal. It does not necessarily follow that any number of appeals may be taken to the different counties by any number of interested persons. Although that particular question is not directly presented in this case, it seems to be fairly inferred from the statute as amended that it was the intention to give that court exclusive jurisdiction to which an appeal is first taken by any qualified party. While some confusion may arise in consolidating and removing the causes to the proper court, in case of several appeals, it does not appear to us so great as to require the construction that the act is void for uncertainty. Our conclusion is that respondent petitioner was authorized to appeal to the district court of either Chisago or Washington county from the action of the board of Washington county.

What follows in the law with reference to service of notice of appeal and bond is not inconsistent with this construction. The notice of appeal is required to be served on the auditor of the proper county, viz., the county to which the appeal is taken, and the bond is required to be approved by the auditor of such county. Jurisdiction having been conferred upon the district court of Chisago county by the appeal, Washington county had no further interest whatever in the matter. It is not chargeable with any expense connected with the litigation, and it is of no importance that the notice of appeal was not properly served on the county auditor and that no bond was filed therein.

2. The district court of Chisago county having acquired jurisdiction, appellant had no interest in the litigation and had no authority to appear by counsel and conduct the litigation, unless permitted to

do so by courtesy for the purpose of testing the legal questions involved. We assume that the latter was the case, and proceed to consider the further objection, viz., that the record does not disclose upon what ground the petition was denied by the county commissioners, and hence the district court of Chisago county did not acquire jurisdiction, for the reason that it does not affirmatively appear that the notices required under section 3668 were duly given.

In Gerber v. Board of Co. Commrs. of Wright County, 89 Minn. 351, 94 N. W. 886, we held that jurisdiction was conferred upon the board of county commissioners to establish a new school district upon a proper petition duly signed by a majority of the residents, freeholders of the proposed district, entitled to vote at the meetings. The notices of meeting to be held for the consideration of the petition, as provided by section 3668, shall be caused to be posted and published by the county commissioners; and, the board having acquired jurisdiction by presentation to them of the duly signed petition, it will not be presumed that they lost it by failure to comply with the law as to the publication and posting of notices. It does not appear from the record that the proper notices were not served and published; and, if jurisdiction was lost by reason of any default on the part of the commissioners in that respect, the burden was upon appellant to show it. Such is the effect of the holding in Gillette-Herzog Mnfg. Co. v. Board of Co. Commrs. of Aitkin County, 69 Minn. 297, 72 N. W. 123. It not being shown that the county board lost jurisdiction by failing to post and publish the proper notices, it will not be presumed that the board denied the petition for that reason; hence, although the minutes of the board meeting do not state the precise ground, it fairly appears from the record that the board passed upon the question stated in the notice of appeal, namely, the third statutory ground.

Order affirmed.