MARTIN V. EVENSON v. JOHN B. O'BRIEN.[1]

November 20, 1908.

Nos. 15,866—(124).

**Removal of County Seat.**

After a petition for the removal of a county seat has been filed with the county auditor, the county commissioners alone have jurisdiction to determine whether the petition has been lost and the proceedings withdrawn and abandoned.

**Same—Notice of Meeting.**

Such a petition having been filed, the county auditor is required by statute to issue the proper notice for a meeting of the commissioners, and cannot be enjoined from so doing by reason of the fact that the petition had been taken from his office, and could not be found.

**Effect of Second Petition.**

The filing of a second petition for the same purpose does not confer jurisdiction upon the commissioners to consider it until it shall have been determined by that body that the petition had been lost, or that the proceedings under the first one had been withdrawn and abandoned.

Action in the district court for Red Lake county to enjoin defendant, as county auditor of that county, from calling a meeting of the

[1] Reported in 118 N. W. 364.

board of county commissioners to act upon and consider a certain petition for removal of the county seat from the city of Red Lake Falls to the city of Thief River Falls. A. P. Toupin, a taxpayer, intervened. A temporary injunction was issued. The case was tried before Watts, J., who made findings and ordered an injunction as prayed by plaintiff. From a judgment entered pursuant to the order, intervener appealed. Reversed.

*Chas. E. Boughton* and *F. A. Grady,* for appellant.

*A. A. Miller,* for respondent.

LEWIS, J.

Respondent, on behalf of himself and the taxpayers of Red Lake county, commenced this action for the purpose of enjoining the county auditor from calling a special meeting of the county commissioners to consider a petition for the removal of the county seat from the city of Red Lake Falls to the city of Thief River Falls. A temporary injunction was granted. Appellant, A. P. Toupin, intervened, and in due course of time the action came on for trial, and judgment was entered permanently enjoining the auditor from taking any action on the petition, from which judgment the intervener appealed.

On April 11, 1905, a petition signed by two thousand six legal voters of the county, in due form, praying for the removal of the county seat from Red Lake Falls, was presented to the county auditor and filed in his office. All of the statutory requirements with reference to the circulation and filing of the petition were complied with. The complaint states: "That on or about the 25th day of March, 1907, the said petition was by some person or persons to plaintiff unknown removed from the office of the county auditor of Red Lake county, without the knowledge or consent of said county auditor, and the whereabouts of said petition ever since said date has been and still is unknown to said county auditor, and that the same is not now on file in the office of said county auditor, nor in his custody nor under his control." The board of county commissioners had never acted upon or considered the petition, and had not determined the genuineness of the signatures thereto.

It is further stated that, after the removal of the petition from the office of the county auditor, the persons who caused the same to be

circulated and signed, and the committee who had charge of the proceedings for the removal of the county seat, abandoned all further proceedings under the petition, and proceedings were commenced for the circulation of a second petition to take the place of the one taken from the office of the county auditor; that thereupon due notice was given that a second petition would be circulated, and such a petition was procured in compliance with the requirements of the statute, and the same was filed in the office of the county auditor; that the county auditor intends to call a special meeting of the board of county commissioners to act upon and consider the first petition, "which said petition has been removed from the office and custody of said county auditor, and is no longer on file in said office, and which cannot by said county auditor be produced to said board of county commissioners for their consideration or action thereon." The complaint then alleges that the calling of such a meeting by the auditor of the commissioners to consider the first petition would result in great and irreparable damage to plaintiff, cause unnecessary and unlawful expenditure of the public moneys of the county, and increase the taxation of plaintiff, and the other taxpayers.

The intervener states in his complaint in intervention that the auditor neglected to call any special meeting of the commissioners to consider the first petition, but purposes to take steps under the statute to call the commissioners together to consider the second petition, and demands that the auditor be enjoined from taking any steps to give the statutory notice for the consideration of the second petition upon the ground that the first petition has not been withdrawn or abandoned, and that it is the duty of the county commissioners to proceed thereunder.

The plaintiff answered the intervening complaint and specifically denied that the petition filed April 11, 1905, was a part of the records and files of the auditor's office, alleged that the petition had been abandoned, and that by some person unknown to him, and without his knowledge or consent, had been removed from his office, and that its existence and whereabouts were to him unknown, that the commissioners had attempted to act upon and consider the same, but that it was determined in the case of Kaufer v. Ford, (100 Minn. 49, 110 N.

W. 364,) that the meeting called for such purpose was void on account of insufficiency of notice.

As we understand it, the plaintiff commenced this action for the purpose of securing a judicial determination that the first petition was not a bar, and to clear the way for proceedings under the second petition. The intervener asserts that the evidence is not sufficient to warrant the court in finding that the first petition was void and that the proceedings had been abandoned, and that the court has no jurisdiction to interfere with the proposed action of the county auditor in calling the county commissioners together to act upon the first petition.

The legislature has deemed it expedient to require the county commissioners to determine whether the signatures to such petition are genuine, and whether the petition contains the requisite percentage of legal voters. Section 398, R. L. 1905. In order to perform that duty, it is absolutely necessary that the commissioners have before them the petition itself. They cannot pass upon the validity of the signatures unless the originals are before them, and it necessarily follows that, if the petition has been destroyed or cannot be produced at the meeting called for its consideration, then there is nothing before the commissioners upon which to base their action. That body could not at the same time have jurisdiction with respect to two petitions, and could not acquire jurisdiction to proceed under a second one during the pendency of the first. It follows that the mere filing of the second petition did not deprive the commissioners of jurisdiction as to the first unless it had been lost, or the proceedings had been withdrawn and abandoned. Judgment was entered enjoining the county auditor from taking any proceedings to call the commissioners together for the purpose of considering the first petition, and was based upon the finding of fact that the petition had been withdrawn from the office of the county auditor and could not be found, and that the proceedings thereunder had been abandoned.

After the filing of such a petition, and before consideration thereof by the commissioners, no signer has authority to withdraw his name from it, and neither the signers of the petition nor the promoters of the plan to move the county seat have authority to withdraw the petition and abandon the proceedings. State v. Geib, 66 Minn. 266, 68 N. W. 1081; Slingerland v. Norton, 59 Minn. 351, 61 N. W. 322. After

the filing of a petition, power to determine whether it has been lost or the proceedings abandoned rests alone with the commissioners. The auditor had no authority to determine that question, and he was required to give notice of the meeting referred to, and the court had no power to enjoin him from the performance of the duty imposed upon him by statute.

In view of the delay in submitting the proposition on the merits to the voters of the county, and at the suggestion of both parties to this appeal, we take this occasion to express our opinion that if the commissioners shall determine, at a regularly called meeting for that purpose, that the first petition has been lost or destroyed, then they may assume jurisdiction with respect to the second petition.

Reversed.