### BERT SELLEN AND OTHERS v. COUNTY OF McLEOD AND OTHERS.[1]

November 6, 1925.

No. 24,815.

**Petition for judicial ditch for reclamation of waste lands sufficient.**

1. Drainage proceedings may be instituted to reclaim waste lands, and alleging that the proposed ditch is necessary for the reclamation of such lands, is a sufficient compliance with the statutory requirement that the petition shall set forth the necessity for the ditch.

**Statutory number of signatures to petition may be proved at hearing.**

2. Where a petition sets forth the facts required by the statute to

[1]Reported in 205 N. W. 625.

be set forth therein, it is sufficient, although it may fail to set forth that it was signed by the required number of petitioners. The statute not having required that fact to be set forth, it may be established by evidence at the hearing.

1. See Drains, 19 C. J. pp. 610, § 5; 643, § 59.
2. See Drains, 19 C. J. p. 643, § 58.

1, 2. See note in 60 L. R. A. 161; 9 R. C. L. pp. 630-638; 2 R. C. L. Supp. p. 846; 4 R. C. L. Supp. p. 617.

Action in the district court for McLeod county to restrain the construction of a judicial ditch. The case was tried before Tifft, J., who dismissed the action on the merits. Plaintiffs appealed from the judgment. Affirmed.

*Daly & Barnard,* for appellants.

*Sam G. Anderson,* for respondents.

TAYLOR, C.

Plaintiffs brought this action to enjoin the defendants from constructing a judicial ditch, and appeal from a judgment dismissing the action on the merits.

The sole question presented is whether the petition for the ditch is sufficient to give the court jurisdiction to establish it. The objections urged to the petition are that it fails to set forth any public necessity for the ditch, and fails to show that it was signed by the requisite number of landowners. The provisions of the statute, so far as here important, read:

"Before any public ditch or drain * * * shall be established under the provisions of this act, a petition signed by not less than 25% of the owners of the land described in such petition * * * setting forth the necessity thereof that the same will be of public utility and will promote the public health, the description of the starting point, the general course and the terminus of the same together with a description of the lands over which the proposed ditch or improvement passes, and that the petitioners will pay all costs and expenses which may be incurred in case the proceedings are

dismissed * * * shall be filed * * * with the clerk of the district court." [G. S. 1923, § 6676.]

That portion of the petition which is challenged as insufficient reads:

"The undersigned owners of lands over which the ditch herein-after described passes would respectfully represent that the public health, convenience and welfare, and the reclamation of wet and overflowed lands require the establishment and construction of a public ditch in the Counties of Meeker and McLeod in said State, along the following described route and that the construction of the same will be of public benefit and utility and will promote the public health, and is necessary for the following reasons, to-wit: Reclamation of wet and overflowed lands."

A petition setting forth the facts required by the statute to be stated therein is a jurisdictional prerequisite to the authority of the court to establish a judicial ditch, but the petition is to be liberally construed (G. S. 1923, § 6666), and need not follow the language of the statute. State ex rel. v. Watts, 116 Minn. 326, 133 N. W. 971.

The petition in question sets forth that the ditch is necessary for the reclamation of wet and overflowed lands, and will be of public benefit and utility and will promote the public health. This is sufficient in form to comply with the requirements of the statute. But plaintiffs claim that the only necessity for the ditch, alleged in the petition, and the only purpose in constructing it, is to drain wet and overflowed lands, and that the drainage of such lands is solely for the benefit of private parties and serves no public purpose.

That the principal purpose in constructing drainage ditches in this state is to reclaim waste lands, is generally recognized. They are seldom constructed except upon the petition of those whose lands will be made more valuable thereby, and the cost is assessed against the benefited lands.

While the statute requires the petition to allege that a proposed ditch will promote the public health, it does not limit the ditches which may be constructed under it to those necessary for that pur-

pose, for it provides in section 6685, G. S. 1923, that if the judge shall find that the ditch, "will be of public utility or benefit, or will promote the public health," and that the proceedings have been regular, he shall establish it. The matter of the public health has been an unimportant factor in drainage proceedings in this state. A ditch may be established if it "will be of public utility or benefit;" and few, if any, of the numerous public ditches in this state have been constructed, in which the primary and principal purpose to be accomplished was other than the reclamation of waste lands. Although it was doubted at one time, it is now fairly well settled that the reclamation of such lands for agricultural purposes, although inuring directly to the benefit of the owners thereof, is also a benefit to the public as it is conducive to the prosperity of the community as a whole by enlarging the productive area of the state. Lien v. Board of Co. Commrs. 80 Minn. 58, 82 N. W. 1094; State ex rel. v. Board of Co. Commrs. 87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161; 19 C. J. 610, and cases cited in note 30. We think that the statement in the petition that the ditch is necessary to reclaim wet and overflowed lands satisfies the requirement of the statute in that respect.

Plaintiffs insist that the petition is fatally defective because it fails to show upon its face that it was signed by not less than 25 per centum of the owners of the land described therein. It was stipulated at the trial and found by the court that the petition was in fact signed by the requisite number of such landowners, and the question is whether a petition actually signed by the requisite number is invalid because it fails to state that fact.

It is the general rule that where a statute prescribes the matters which a petition shall set forth, a petition which sets forth the prescribed matters is sufficient, although it fails to allege other jurisdictional facts. This statute requires a petition signed by a specified percentage of the landowners, and also prescribes the matters to be set forth therein. It does not specify the fact that the petition is signed by the requisite number of landowners as one of the matters to be set forth.

In Banse v. Town of Clark, 69 Minn. 53, 71 N. W. 819, involving a town road, the statute required a petition signed by a stated number of freeholders setting forth the description of the proposed road and certain other matters. The petition failed to show that the signers were freeholders. The court held that the jurisdictional question was whether they were in fact freeholders and not whether that fact was alleged in the petition.

In Otter Tail Power Co. v. Brastad, 128 Minn. 415, 151 N. W. 198, involving the exercise of the power of eminent domain for the purpose of diverting water from the Otter Tail river, the statute required that the proceeding should be instituted by the governing body of the corporation. It was objected that the petition failed to show that the proceeding had been authorized by the board of directors. The court said that the statute did not require that fact to be alleged in the petition and that establishing it by evidence was sufficient.

In Hurlbert v. New Ulm Basket Works, 47 Minn. 81, 49 N. W. 521, involving a mechanic's lien, the lien statement was attacked because it failed to show that the labor and material had been furnished at the instance of the landowner. The court said that the legislature had dispensed with the necessity of stating that fact in the lien statement by prescribing the matters to be contained therein without including it among them, and added that the facts which the statute required the lien statement to contain should not be confounded with the facts necessary to the existence of the lien. See also Re County Ditch No. 34, 142 Minn. 37, 170 N. W. 883; Shoemaker v. Williamson, 156 Ind. 384, 59 N. E. 1051; Hackney v. Elliott, 23 N. D. 373, 137 N. W. 433.

In the present case it is the fact that the petition was signed by the required number of qualified petitioners which gave jurisdiction, and it was competent to establish that fact by evidence at the hearing in the ditch proceeding. Failing to allege it in the petition was not a jurisdictional defect, for the statute did not require it to be alleged. We are of the opinion that the petition complied in all essential respects with the requirements of the statute and is sufficient.

Judgment affirmed.