## SCHOOL DISTRICT NO. 37 v. COUNTY OF YELLOW MEDICINE.[1]

May 11, 1928.

No. 26,571.

**Unless arbitrary, unreasonable or unjust, transfer of territory from one school district to another will be sustained.**

    Action by a county board in detaching territory from one school district and attaching it to another is legislative in its nature. The legislative question thus committed to the board is not to be determined by a court. The board's action must stand unless it conclusively appears that it was arbitrary, unreasonable or unjust or against the best interests of the public.

Schools and School Districts, 35 Cyc. p. 836 n. 96.

Plaintiff appealed from an order of the district court for Yellow Medicine county, Baker, J. denying its motion for a new trial. Affirmed.

*Freeman & Smith* and *H. P. Bengtson,* for appellant.

*Johnson & Schaefer,* for respondent.

HILTON, J.

Appeal from an order denying motion for a new trial.

The county board of Yellow Medicine county, upon the petition

[1]Reported in 219 N. W. 456.

of Frank Heise and after hearing, made its order setting off 320 acres of land from appellant, school district No. 37, and making the same a part of school district No. 42. Upon appeal to the district court, the order of the county board was sustained and judgment ordered accordingly. Both school districts are in the township of Oshkosh in said county. No. 37 comprised the northeast nine sections of said township; No. 42 the southeast nine sections and, in addition thereto, the east half of section 16. The 320 acres set off are the south half of section 15.

The school districts are approximately equal in assessed valuation (over $175,000 each), schoolhouse facilities, grade of teachers employed, and number of enrolled school children. The roads available for use of school children in each are of the same class. The schoolhouse in No. 42 is about one mile nearer petitioner's land than is the schoolhouse in No. 37. Children living upon the land here involved have always attended school in No. 42.

The appeal to the district court from the order of the county board was predicated upon the grounds: (1) That the county board had no jurisdiction to act; (2) that the county board had exceeded its jurisdiction; (3) that the action of the county board was against the best interests of the territory affected.

In 1925 the county board had before it a petition of No. 42 to set off these same lands together with 640 acres more and to attach the same to it. The petition was granted, and on appeal taken relative to the lands in No. 37 the court reversed the board's action on the ground that it acted arbitrarily, unreasonably and unjustly and against the best interests of the people in the territory affected. Judgment was entered and no appeal was taken.

Appellant offered proof as to this former proceeding and judgment, suggesting res adjudicata and also claiming that because the county board knew of the judgment referred to and that Heise was the moving spirit and gave like testimony in both cases, it must have acted arbitrarily and not with a wholly proper motive in going counter to the judgment. In addition to the foregoing, the appeal argued here is based on the claim that the court erred in finding

as a conclusion of law that the board did not exceed its jurisdiction and that its act was for the best interests of the territory affected. It is also argued that the county board acted under an erroneous theory of the law. The same district judge tried both cases.

The district court did not err in excluding proof as to the former proceeding and judgment. They had no bearing on the case then being tried. There is no statute preventing a new proceeding covering exactly the same land. Favorable action taken by a county board at one time might properly be reversed by the court, and like action taken later might be affirmed on appeal. Changed conditions might bring about that result. The two cases however are not identical. The parties were different—No. 42 was petitioner in one and Heise in the other; much more land was involved in one proceeding than in the other. It was not res adjudicata. There was a full and fair hearing by the board; interested parties were given every opportunity to testify and present their views; both sides were represented by able counsel. There can be no inference of bias, prejudice or partiality.

In a proceeding such as the one here involved the action of the county board is legislative in its nature. It is not the province of a court to determine the legislative question committed to that board. That determination must stand unless it was based on an erroneous theory of law or when it conclusively appears that it is arbitrary, unreasonable or unjust, or against the best interests of the public. There is nothing in the record to so indicate. Applicable Minnesota decisions are cited by Chief Justice Wilson in Packard v. County of Otter Tail, supra, p. 347. The conclusion reached by the county board and the trial court should stand.

Affirmed.