IN RE DISSOLUTION OF SCHOOL DISTRICT NO. 33. LEON O. ANDERSON AND OTHERS, APPELLANTS.[1]

June 12, 1953.

No. 35,942.

---

[1]Reported in 60 N. W. (2d) 60.

Johnson & Johnson, for appellants.
Joseph W. Ryan and John S. Nyquist, Jr., for respondents.

MATSON, JUSTICE.

Appeal from the district court's judgment affirming the order of the Mille Lacs county board of county commissioners dissolving Common School District No. 33 of Mille Lacs county and attaching the territory of the dissolved district to School District No. 18 Joint of Mille Lacs, Kanabec, and Aitkin counties.

Common School District No. 33 is located entirely within Mille Lacs county in this state and has been operating since at least 1913. The territory of School District No. 18 Joint lies in parts of Mille Lacs, Aitkin, and Kanabec counties; it was a functioning school district at the time the proceedings out of which this appeal arises were commenced.

On May 25, 1951, a petition (hereinafter referred to as the first petition) purporting to have been signed by a majority of the qualified freeholders of School District No. 33 was filed with the county auditor of Mille Lacs county; this petition prayed that said school district be dissolved and that the territory of the dissolved district be attached to School District No. 18 Joint. At their next regular meeting on June 5, 1951, the petition was presented to the board

of county commissioners of Mille Lacs county. *This first petition has never been presented to the board of county commissioners of either Kanabec or Aitkin counties.* On June 5, 1951, the board of county commissioners of Mille Lacs county determined that the petition was sufficient and on June 12, 1951, issued an order that a hearing be held on June 29, 1951; notice of this order was given by publication in Mille Lacs county and by posting in the customary posting places in School District No. 33 and in that part of School District No. 18 Joint which is located in Mille Lacs county.

A hearing followed on June 29, 1951, at which petitioners and contestants were heard and during which a petition (hereinafter referred to as the withdrawal petition) purporting to withdraw 37 names from the first petition was presented to the county commissioners.[2] After a full hearing, at which the contestants were represented by counsel, the contestants and others dispersed when the commissioners and several petitioners retired to ascertain from county records whether the signers of the withdrawal petition were resident freeholders of record. Upon returning to the hearing room from their conference, the board adjourned until 4 p. m. the following day. At that time the board made findings that the first petition continued to be supported by the majority of the qualified freeholders of Common School District No. 33 and that it was in the interests of the residents to attach the territory of such district to School District No. 18 Joint. Accordingly, the board granted the petition and ordered dissolution of School District No. 33 and attachment of the territory of the dissolved district to School District No. 18 Joint. *The board of county commissioners of neither Kanabec nor Aitkin counties has entered an order granting attachment of the territory of the dissolved district to School District No. 18 Joint.*

The district court sitting without a jury heard the appeal from the order of the Mille Lacs county board; it made findings of fact and conclusions of law and affirmed the county board's order.

---

[2]This petition was also filed with the county auditor at, or shortly before, the time of the June 29, 1951, hearing.

From the district court's judgment dismissing the appeal from the county board's order, this appeal is taken.

We have the following issues: (1) Are proceedings for the dissolution of a functioning school district and the subsequent attachment of its territory to another district controlled by M. S. A. 122.28? (2) To what extent are proceedings under § 122.28 controlled by other statutory provisions relating to a change of boundaries as provided for under § 122.09? (3) Must a petition for the dissolution of a school district under § 122.28 be acknowledged? (4) May signers withdraw their names from a petition after the board of county commissioners has acted on the petition? (5) Can there be a valid attachment of a dissolved school district to another district which lies in more than one county without the approval of the board of commissioners of each county?

■ Basic to the issues raised by this appeal is the question whether proceedings instituted by a petition praying for the dissolution of a *functioning* school district and the attachment of its territory to another school district is controlled by § 122.09 or by § 122.28. Appellants contend that § 122.09, which relates to the changing of the boundaries of *existing* school districts, is applicable because (a) § 122.28 is limited to school districts wherein no school has been held for two years and no provision has been made for the education of its resident pupils and (b) further because we here have in substance a proceeding to attach School District No. 33 to School District No. 18 Joint and therefore nothing more than a change in school district boundaries. As evidence of a legislative intent to limit the application of § 122.28 to districts where no school has been held for two years, appellants point to the headnotes of this statutory section as found in L. 1941, c. 169, art. III, § 28, and L. 1951, c. 706, § 6, respectively: "Dissolution of districts—failure to maintain schools" and "Dissolution of district. * * * When no school held." There is no merit in this argument. The bold-face headnote preceding each section in the printed session laws is inserted by the revisor of statutes as required by §

482.07, subd. 1,[3] and consequently has no value as an aid to statutory construction for a determination of the legislative intent. See, State ex rel. Greenberg v. Erickson, 159 Minn. 287, 288, 198 N. W. 1000.

Aside from the erroneous reliance upon the statutory headnotes as indicative of legislative intent to so limit § 122.28, appellants further rely upon Opinion Attorney General, No. 166-E-1, June 15, 1949, to that effect. We disagree with such opinion since an examination of the evolution of § 122.28 plainly discloses a legislative intent to the contrary. Before the 1931 amendment,[4] § 122.28 (then Mason St. 1927, § 2753) had application only to dissolution of districts in which no school had been held for two years. This section was, however, amended by L. 1931, c. 367, so that the county board upon its own motion could dissolve a school district in which for two years no school had been held and in which no provision had been made for the education of its pupils. The 1931 amendment also provided, among other things, that the county board could dissolve such a district *or any other district* on a petition signed by a majority of the resident freeholders of the district. This amendment clearly was intended to extend the application of this section to all school district dissolution proceedings. Any other holding would ignore the plain meaning of the statutory phrase, "any other district."

We likewise find no merit in appellants' second contention that § 122.09 must apply because the proceeding in substance involves nothing more than a change of boundaries through the consolidation of two separate school districts. The initiating petition herein clearly prays first for a *dissolution* of School District No. 33 and

---

[3]An explanatory note on the flyleaves of both the session law volumes for 1941 and 1951 indicates that the headnotes are not part of the statutes.

[4]The present section first appeared in L. 1877, c. 74, subc. 1, § 17, as a proviso to a section authorizing county commissioners to accept pupils from other districts where access to the district school of which they were not residents was easier. The proviso directed the commissioners of counties containing school districts in which school had not been held for two years to attach such territory to adjoining districts which had schools. The change made by L. 1881, c. 51, is not here relevant.

then, after such dissolution, for the attachment of the resulting unorganized territory to School District No. 18 Joint. An examination of controlling statutory provisions discloses, as will be shown at least in part by subsequent portions of this opinion, a basic difference between the procedure to be followed in consolidating two existing school districts and the procedure for dissolving a school district and the attachment of the territory involved to another district. Without doubt a petition for the dissolution of a functioning school district and for the subsequent attachment of its territory to another existing district is subject to the provisions of § 122.28.

Although the initiatory petition for the dissolution of a functioning school district and for the attachment of its territory to another district is brought under § 122.28, there still remains the question of the extent, if any, to which the sufficiency of the petition and the subsequent proceedings are controlled by the statutory provisions relating to a change of boundaries. Many of appellants' arguments hinge on this question.

M. S. A. c. 122, as a whole, presents no clearly defined or well integrated statutory scheme which differentiates between effecting a combination of school districts by annexing one existing school district to another through a change of boundaries under § 122.09 and a combination which results from the attachment of the territory of a dissolved district under § 122.28. When, however, § 122.28 is read as actually written, it becomes clear that it provides in itself a complete statutory proceeding to accomplish the *dissolution* of any school district. Insofar as applicable to the facts of this case, § 122.28 provides that the board of county commissioners *may,* on a petition signed by a majority of the resident freeholders of the district entitled to vote at school elections therein, dissolve the district. It further provides that once the district is *so dissolved* it shall be attached by order of the board to one or more existing districts or to unorganized territory *upon notice as in other cases of change of boundaries.* In other words the statutory provisions governing changes of boundaries come into play only after a *disso-*

*lution* has been ordered. It is clear that a dissolution *may* be ordered upon the petition but that once a district is dissolved the county board *must,* irrespective of the existence of any petition therefor, order the territory of the dissolved district to be attached. It follows therefore that, with respect to a *functioning school district, the petition is a jurisdictional prerequisite only to effect a dissolution* and that the part of the petition which prays for the subsequent attachment of the territory to another school district is surplusage.[5] It appears therefore that proceedings under § 122.28 to effect a dissolution are completely independent of any other statutory sections and that § 122.28 does not prescribe particular requirements for a petition nor does it require that a hearing, much less notice thereof, be had to accomplish the dissolution. *Under § 122.28 it is not until after the district has been dissolved that other sections of the statute become operative and require that the board attach the territory of the dissolved district "upon notice as in other cases of change of boundaries."*

■ To summarize it may be said that § 122.28—in addition to authorizing a board of county commissioners on its own motion to dissolve a school district wherein no school has been conducted for two years and wherein no provision has been made for the education of its pupils—provides in itself a complete and independent statutory proceeding for the dissolution by the county board of *any functioning school district* upon the presentation of a petition signed by a majority of the resident freeholders of such district who are entitled to vote at school elections therein, and once jurisdiction is conferred by such petition a dissolution may be ordered without any notice or hearing thereon.

■ Once a school district has been dissolved, irrespective of the manner in which it was lawfully accomplished, such dissolution, *without the aid of any petition,* automatically confers upon the

---

[5]Although once a school district has been dissolved, no petition is necessary to confer jurisdiction upon the county board to attach its territory to another district, it does not follow that the prayer of the petition may not be relevant in ascertaining what plan of attachment is most equitable as measured by the convenience of the resident freeholders.

county board the jurisdiction and the mandatory duty to attach the dissolved district to one or more existing districts or to unorganized territory, but notice thereof must be given as provided for in other cases of change of boundaries under § 122.09. In turn § 122.09 provides that the notice to be given of a change of boundaries shall be the same as that provided for in § 122.07 with respect to the formation of school districts. In other words the notice to be given in effecting an attachment of a dissolved school district under § 122.28 is prescribed by § 122.07. Although § 122.28 does not explicitly require a hearing on a proposed attachment of a dissolved school district, the requirement that a notice of a hearing be given as set forth in § 122.07 carries with it the unmistakable implication that a hearing is necessary.

■ Bearing in mind that § 122.28 provides a complete and independent procedure for the dissolution of a school district and still another procedure for the attachment of a district which has been dissolved, we turn to a consideration of whether the first petition as drawn was so defective that it failed to confer jurisdiction upon the county board to effect a dissolution. Appellants complain that School District No. 33 and School District No. 18 Joint were not described with sufficient accuracy and particularity. Specifically their objections are that School District No. 33 was not identified as a common school district and that the other district was insufficiently located geographically since in the first petition, which was directed "To The County Board of The County Of Mille Lacs, State of Minnesota," the districts involved were identified as School District No. 33 in said county and District No. 18 Joint in said county. They rely upon Peiper v. County Superintendent, 130 Minn. 54, 153 N. W. 112, as authority for the proposition that a petition which does not state the location of the districts by naming the county and state in which they are located is so defective as to confer no jurisdiction upon the county board. In that case, however, it appears that such defect was not corrected by further proceedings of record and that the voters were actually misled; here, there was not even a suggestion that anyone was misled by the failure to

spell out in full the names and numbers of the school districts. In disposing of these objections it is first to be noted that any defect in designating School District No. 18 Joint with accuracy is immaterial in that such district was not involved in the *dissolution* proceedings and any mention thereof was mere surplusage. In the second place, with respect to District No. 33, it appears under the surrounding circumstances that there was no confusion or uncertainty as to which district was meant. Although § 122.28 does not prescribe what must be contained in a petition, nevertheless, by necessary implication the school district sought to be dissolved must as a jurisdictional prerequisite be described with sufficient accuracy and completeness that neither the board of county commissioners nor any other interested party is misled as to which district is meant. Mere irregularities which do not go to the substance and which may be disregarded without a sacrifice of the essentials of ordinary procedure, such as the requirement that a petition for dissolution shall not mislead interested parties and boards as to its purpose, are not jurisdictional. Much misunderstanding, delay, and expensive litigation could be avoided if M. S. A. c. 122 were revised in the interest of a much-needed clarity.

■ Was the first petition defective because it was not acknowledged by its signers before an oath-taking officer? Section 122.28 simply provides that a petition for dissolution shall be signed by a majority of the resident freeholders. It contains no requirement that the petition be both signed and acknowledged. It is elementary that an acknowledgment is merely evidentiary in its purpose except as it may by statute be made essential to the validity of the instrument or essential to its admissibility in evidence or as a condition for its recording.[6] In the absence of a statutory requirement therefor, a petition for the dissolution of a functioning school district pursuant to § 122.28 need not be acknowledged.[7]

■ It is conceded that a majority of the eligible resident freeholders of School District No. 33 signed the first petition and that

---

[6] 1 C. J. S., Acknowledgments, § 3.

[7] Cf. Sellen v. County of McLeod, 165 Minn. 74, 77, 205 N. W. 625, 626.

the county board thereby obtained jurisdiction unless the withdrawal petition with its 33 signers was effective. The first petition was presented to the county auditor of Mille Lacs county on May 25, 1951; he in turn presented it to the board of county commissioners of said county at their next regular meeting on June 5, 1951. The sufficiency (eligibility of the signers) was determined by such board on June 12, 1951, and at that time it ordered that a hearing on the petition be held on June 29, 1951, and further ordered that notice of such hearing be published and posted in the parts of Mille Lacs county which were affected. Not until after the hearing of June 29, 1951, had been called to order and some discussion had, was the withdrawal petition presented to the Mille Lacs county board of commissioners.[8] Respondents contend that the board had already acquired jurisdiction and that such jurisdiction could not be impaired by the attempted withdrawal of support from the first petition.

The mere filing with the county auditor of a petition signed by the requisite number of qualified signers and otherwise conforming to law confers jurisdiction upon the board of county commissioners.[9] Although a petition has been filed, any signer thereon has the unqualified right to withdraw his name from the petition— by a proper demand upon the board of county commissioners[10]— at any time before the board has acted upon the petition to the extent of completing an inquiry into, and a determination of, its sufficiency under applicable statutory provisions.[11] As a corollary

[8]A copy of the withdrawal petition was presented to the county auditor at or shortly before the time of the hearing.

[9]Independent School Dist. No. 36 v. Independent School Dist. No. 68, 165 Minn. 384, 206 N. W. 719.

[10]As to the manner and time for making such demand, see State ex rel. Streissguth v. Geib, 66 Minn. 266, 68 N. W. 1081.

[11]Slingerland v. Norton, 59 Minn. 351, 61 N. W. 322; State ex rel. Streissguth v. Geib, supra; State ex rel. Childs v. Board of Co. Commrs. 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L. R. A. 745; Sim v. Rosholt, 16 N. D. 77, 112 N. W. 50, 11 L.R.A.(N.S.) 372; Gerber v. Board of Co. Commrs. 89 Minn. 351, 94 N. W. 886. See, Evenson v. O'Brien, 106 Minn. 125, 118 N. W. 364.

thereto the right of a signer to withdraw his name from a petition ceases to exist the moment the board of county commissioners exercises any action in reliance upon the jurisdiction conferred by the petition. This principle is well established and has been recognized with respect to petitions presented to, and acted upon by, the district court.[12] In the instant case the board of county commissioners had acted in reliance upon the jurisdiction conferred by the petition not only by purging the petition, or determining its legal sufficiency, but also by ordering a hearing ·on the merits and the posting and publishing of certain notices. Clearly, after June 12, 1951, no petition signer could withdraw his name and we must hold the withdrawal petition ineffective.[13]

■ There is no merit in the contention that appellants were deprived of a fair hearing because the chairman of the board was biased in favor of the first petition. When a board of county commissioners is acting in proceedings for the dissolution, attachment, or consolidation of school districts it is exercising a legislative function which is not governed by judicial standards and its determinations are subject to successful attack only when its action is clearly arbitrary, unreasonable, unjust, or against the best interests of the public.[14]

Assuming that the attachment of the territory of District No. 33 to District No. 18 Joint will be completed in accordance with the requirements of this opinion, we pass to the issue of whether the evidence sustains the trial court's finding that the action of the board of commissioners of Mille Lacs county was in the best interest of the territory affected. See § 122.32. Under the proposed plan of attachment four empty classrooms in the District No. 33 schoolhouse

[12]In re Establishment of Judicial Ditch No. 75, 172 Minn. 295, 215 N. W. 204, 216 N. W. 229; Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399.

[13]We have not overlooked the case of Paetzel v. Clift, 234 Minn. 498, 48 N. W. (2d) 731. That decision passed on a special withdrawal provision (§ 124.01) and is clearly not in point.

[14]School Dist. No. 37 v. County of Yellow Medicine, 174 Minn. 380, 219 N. W. 456.

are to be utilized for grade school children from District No. 18 Joint and one teacher is to be assigned to every grade instead of the present arrangement of one teacher for three grades. Also the high school students from District No. 33 would be assured a place to attend high school, and with the grade school children vacating space in the high school in District No. 18 Joint, the additional space would be available for proposed courses in agriculture and home economics. The plan appears reasonable and fair, and we cannot in light of the evidence hold that the action of the board was arbitrary, unjust, or against the best interests of the territory affected and the people resident therein.[15]

■ We have yet to consider whether the *attachment* proceedings have been completed as required by § 122.28. A vital question arises as to the effect of the failure to bring the proposed attachment before the boards of county commissioners for Kanabec and Aitkin counties for approval. As already noted, once a school district has been dissolved, the board of commissioners are forthwith vested with the jurisdiction and the mandatory duty to attach the territory of such dissolved district to one or more existing districts, or to unorganized territory, but in so doing notice thereof must be given as hereinbefore stated. The type of notice and manner of its giving are prescribed by § 122.07. That the board of a county in which a dissolved school district is located is not the only board which must take action with respect to subsequent attachment proceedings where the dissolved district is to be attached to an existing district lying partly or entirely in another county or counties was made clear by a 1951 amendment (L. 1951, c. 706, § 6) to § 122.28, which provides:

"* * * If the district or any part thereof is to be annexed to an adjoining district which lies in a different county, such annexation shall not be effective until such petition or resolution has been presented to the board of county commissioners of each county and each such board has made its order granting the same in the manner herein provided."

---

[15]See, School Dist. No. 37 v. County of Yellow Medicine, *supra.*

In the light of the 1951 amendment there can be no valid attachment of a dissolved school district to another existing district which lies partly or entirely in another county or counties unless and until such petition for attachment has been properly presented to, and favorably acted upon by, the board of county commissioners of each county in which the existing district lies. In view of the provisions in § 122.28 for the giving of notice, notice of the hearing before each board should be given by such boards in their respective counties as prescribed by § 122.07 as in cases of change of boundaries. Clearly, the proceedings for the attachment of the territory of District No. 33 to District No. 18 Joint are ineffective for want of a proper order of approval by the boards of Kanabec and Aitkin counties.

■ Although the statutory requirements for the dissolution of School District No. 33 have been met, the procedural steps for its subsequent attachment to District No. 18 Joint have not been completed. The approval of the boards of commissioners of Kanabec and Aitkin counties must be obtained before any attachment results. The order of the Mille Lacs county board has, however, been placed in a state of suspension pending this appeal. Where an appeal is taken from an order for the dissolution, attachment, or consolidation of school districts, the operation of the order is suspended and the *status quo* is preserved during the pendency of the appeal and during the further period required to carry the mandate of this court into effect.[16] This court has the power to remand a case with directions to the trial court and hold the case open for future proceedings in accordance with a decision on appeal.[17]

The judgment of the trial court is affirmed as modified by this opinion, and the entire case is remanded with directions to the trial court to retain jurisdiction and keep the case open until the proper local authorities and parties have had a reasonable oppor-

[16]See, In re Order of Superintendent of Schools, Nobles County, 239 Minn. 233, 58 N. W. (2d) 465; In re Consolidation of School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 58, 185 N. W. 961, 964.

[17]1 Dunnell, Dig. (3 ed.) § 440; see, Selover v. Isle Harbor Land Co. 91 Minn. 451, 98 N. W. 344.

tunity to complete, in accordance with this decision, the attach-ment proceedings before the boards of county commissioners in Kanabec and Aitkin counties.

Affirmed in part and remanded with directions.