## IN RE SCHOOL DISTRICT NO. 52, HENNEPIN COUNTY. ERNEST LINDAHL AND OTHERS v. ROBERT FITZSIMMONS AND OTHERS.[1]

November 13, 1953.

No. 36,179.

*Byron W. McCullagh,* for appellants.

*Faegre & Benson* and *Charles B. Howard,* for respondent Burwell Common School District No. 52.

KNUTSON, JUSTICE.

The facts in this case may be briefly stated as follows: On November 18, 1952, a resolution was adopted by a majority of the electors of Burwell School District No. 52 in Hennepin county, referred to hereinafter as the Burwell district, requesting the county board to dissolve the district under the provisions of M. S. A. 122.28. On November 25, 1952, this resolution was presented to the county board by filing according to law. On the same date, the board adopted a resolution ordering that a hearing be had on December 23, 1952, for the purpose of determining to which of several existing

[1]Reported in 61 N. W. (2d) 236.

adjoining districts the territory included in the Burwell district should be attached in the event of a dissolution. Notice of such hearing was given as required by law. The hearing was continued to January 13, 1953. After hearing all persons interested, the board adopted a resolution dissolving the Burwell district and another resolution attaching part of the territory to Hopkins Independent School District No. 225, referred to hereinafter as the Hopkins district, and a small part thereof to Wayzata Independent Consolidated School District No. 144. Appellants, who are resident freeholders of the Burwell district, appealed to the district court from both orders of the county board. The orders were affirmed, and this appeal is from the judgment of the district court affirming the orders of the county board.

Originally, appellants presented three questions for our consideration.

■ That M. S. A. 122.28 is inapplicable to a common school district actively conducting the affairs of such district and holding school for the residents thereof. This question has now been determined adversely to appellants' contention in In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60, and In re Dissolution of Independent School Dist. No. 27, 240 Minn. 257, 60 N. W. (2d) 617. Nothing more need be said on that question.

■ In the auditor's return on appeal to the district court copies of the sheriff's return of posting do not contain a copy of the notice posted. There is no showing whether the original return was defective, nor does the record show that any objection to the sufficiency of the return was ever made in the trial court. Neither are there any assignments of error raising this point. Under these circumstances there is nothing for us to consider.

■ The principal contention of appellants, and the only one now meriting any discussion, is that notice of hearing for an attachment of a dissolved district may not be given until after a district has been dissolved. Because of the public interest involved we shall consider this question.

M. S. A. 122.28 provides that when a school district is dissolved—

"* * * The territory * * * so dissolved shall be attached * * * to one or more existing districts, or to unorganized territory, upon notice as in other cases of change of boundaries, as in its judgment shall seem most equitable having regard to the convenience of the inhabitants."

Appellants contend that under this provision notice of a hearing for the attachment of the territory cannot be given until after a dissolution; hence that the notice in this case was premature and the attachment void. We see no reason why such restrictive interpretation of the language used in the statute should be required. In many cases it must be true that it will be desirable to hear from those affected by the attachment before action is taken on the petition for dissolution. The only purpose of the notice is to give those affected by the proposed action of the county board a chance to be heard. That purpose can be accomplished equally as well whether the notice is given before or after the board has acted on the petition for dissolution. We see no reason why both matters may not be determined after the board has had an opportunity to hear from all those who will be affected by its determination.

Affirmed.

Mr. Justice Christianson took no part in the consideration or decision of this case.