## IN RE CHANGE OF BOUNDARIES OF SCHOOL DISTRICTS NOS. 44 AND 84, FREEBORN COUNTY. LEO HALVORSEN, JR., AND OTHERS v. SCHOOL DISTRICT NO. 44, FREEBORN COUNTY, AND ANOTHER.

91 N. W. (2d) 164.

July 3, 1958—No. 37,436.

*Walbran & Walbran,* for appellants.

*Leo J. Lauerman* and *Hanson & Grinley,* for respondents, District No. 44 and John F. Schmidt.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court entered on June 3, 1957, and from an order denying a motion for a new trial.

On September 18, 1956, a petition was presented to the County Board of Freeborn County, signed by more than 20 percent of the freeholders of Common School District No. 84, Freeborn County, to have the boundary lines of that school district changed so that it would be annexed to Independent School District No. 44, an adjacent district in that county. On December 18, 1956, the Freeborn County Board granted the petition. An appeal was then taken to the district court

from the order of the county board, and at the conclusion of those proceedings the district court entered an order confirming the order of the county board.

Upon appeal to this court it is claimed that the county board and the district court were without jurisdiction because certain requirements under the statute regulating these procedures were not complied with. This proceeding was commenced under M. S. A. 1953, § 122.09, which reads:

"Where it is desired to change the boundary of a district, or to annex another district, or to merge one or more districts in an existing district, the boundary change, merger, or annexation may be effected by the filing of a petition signed by at least 20 percent of the freeholders of the district which is to be merged in or annexed, in whole or in part, to another district, and otherwise proceeding in the manner prescribed for the formation of districts. In addition, the boundary change, merger, or annexation, must be approved by the school board of the district to which the other district or area is to be attached."

This section is a part of the chapter formerly regulating the organization of school districts and as may be seen from the wording of § 122.09 certain procedural requirements relating to the formation of districts are incorporated into that section.

The particular sections we are concerned with are M. S. A. 1953, §§ 122.05 to 122.08, inclusive, which deal generally with the formation of districts. So far as a determination of this case is concerned we need only determine whether or not the requirements of § 122.06 were sufficiently complied with. This statute, prior to changes made by the 1955 legislature, read:

"The petition shall contain:

"(1) A correct description of the territory to be included in such proposed district;

"(2) The number of persons residing therein;

"(3) The names and ages of all children of school age residing therein, and the existing district in which each such child lives;

"(4) The districts in which such territory lies, and the number of such children in each such district; and

"(5) The reasons for the formation of the proposed district.

"The petition shall be acknowledged by the petitioners and submitted to the county superintendent and, if he approve the same, he shall endorse his approval in writing upon the petition, stating his reasons therefor; and, if he disapprove of same, he shall endorse thereon in writing his reasons for such disapproval."

A general question arises as to how much of § 122.06 had to be complied with when proceeding under § 122.09, the change-of-boundary section. In the recent case of In re Merger of Certain School Dists., Pipestone County, 246 Minn. 110, 74 N. W. (2d) 419, this court had occasion to examine the question of the requirements under § 122.06 in connection with a petition filed July 16, 1954, prior to the amendment of § 122.06 by L. 1955, c. 858, where the proceedings were being brought under § 122.09. In that case we held that a petition under § 122.09 did not have to comply with the requirements of a petition in § 122.06. We said there that § 122.09 should be construed as if it read (246 Minn. 114, 74 N. W. [2d] 422) "in other respects than as to the petition, the proceeding shall be in the manner prescribed for the formation of districts."

In 1955, however, § 122.06 was amended by L. 1955, c. 858, § 3, to read:

"Subd. 2. The petition shall be acknowledged by the petitioners and submitted to the county superintendent *who shall cause a plat to be made showing the size and boundaries of the proposed district, the location of the adjoining school districts and of school houses therein, and the assessed valuation of property in the proposed district, together with such other information as may be required, and submit the same to the state commissioner of education, who shall approve or reject the plan so proposed and certify his conclusions to the county auditor.*" (Italics supplied.)

It is undisputed in the case at bar that the requirements, italicized above, relating to the plat and the submission of it to the state commissioner of education, were not complied with. It is contended by the respondents that under In re Merger of Certain School Dists., Pipestone County, *supra,* these requirements were inapplicable. We do not so

construe our holding in that case. The language in that case we think clearly referred only to the requirements which related to items to be contained in the petition. The 1955 amended law, which would apply to a petition filed September 18, 1956, clearly states that the county superintendent "shall cause a plat to be made," etc.

Therefore, because the clear requirements of the 1955 amendment were not complied with neither the county board nor the district court had jurisdiction in this case.

Appellants raise several other issues but they will not be discussed inasmuch as the issue discussed above is determinative of this appeal and because laws governing these proceedings (§§ 122.05 through 122.09) were entirely repealed by L. 1957, c. 947, art. IX, § 9, so that any attempt now to accomplish the same purposes would have to be brought under L. 1957, c. 947.

Reversed.