257 Minn. 409 (1960)
102 N.W. (2d) 30
IN RE DISSOLUTION AND DISTRIBUTION OF SCHOOL DISTRICT NO. 5, DODGE COUNTY.
JAMES R. BROSSARD AND OTHERS
v.
VICTOR DURST AND ANOTHER.
No. 37,907.
Supreme Court of Minnesota.
March 4, 1960.
*410 H.J. Edison, for appellants.
Warren Eustis, for respondents.
THOMAS GALLAGHER, JUSTICE.
Proceedings for dissolution of School District No. 5 of Dodge County were instituted pursuant to M.S.A. 1953, § 122.28,[1] by petition *411 signed by all resident freeholders of the district, some 32 in number. The petition provided space where its signers might designate the adjacent school district to which each desired the lands of School District No. 5 to be attached in the event of dissolution. Sixteen signers indicated a preference for School District No. 90, subsequently designated Independent Consolidated School District No. 204, situated partly in Dodge County and partly in Olmsted County. Eight signers designated Dodge County School District No. 8, while four chose Dodge County School District No. 77. The remaining signers did not clearly indicate any preference.
On August 31, 1956, the petition was heard by the Board of County Commissioners of Dodge County which then made its order dissolving School District No. 5 and directing attachment of its lands to School District No. 204. On November 12, 1958, the Board of County Commissioners of Olmsted County made its order approving such attachment. See, Opinion Attorney General, No. 166-E-3, July 12, 1944. At the time of the trial, a separate appeal to the District Court of Olmsted County from this order was still pending.
Pursuant to M.S.A. 1953, § 122.32,[2] several petitioners promptly appealed to the District Court of Dodge County from the Dodge County board's dissolution order. At the hearing thereon they contended (1) that the Dodge County board lacked jurisdiction to dissolve School *412 District No. 5 because the petition therefor had been altered or mutilated subsequent to its filing; (2) that the order for dissolution of School District No. 5 was in violation of Minn. Const. art. 8, § 3, which provides in part:
"The legislature shall make such provisions, by taxation or otherwise, as, with the income arising from the school fund, will secure a thorough and efficient system of public schools in each township in the State" (italics supplied);
and (3) that no valid order approving attachment to School District No. 204 had ever been made by the Board of County Commissioners of Olmsted County. On this appeal the District Court of Dodge County made findings and ordered judgment upholding the actions of the Dodge County board. The district court retained jurisdiction in the proceedings until the district court appeal from the Olmsted County board's order should be determined.
The appeal to this court is from an order denying plaintiff's subsequent motion for a new trial in the Dodge County District Court appeal. The issues presented here are the same as those there presented.
Evidence submitted at the Dodge County District Court hearing disclosed that in the petition H.J. Edison, one of the appellants, had designated School District No. 8 as the one he preferred for attachment purposes, but that after the petition was filed someone unknown had obliterated the figure "8" inserted by him after his signature in the petition and had substituted therefor the figure "90"; and that in the space in the petition opposite the signatures of Caryl Loquai and Archie Walker District No. "90" had been inserted as the one preferred by such signers, although there was testimony to the effect that they had left such spaces blank when they signed the petition. No evidence was presented as to responsibility for such alterations or to indicate that any signatures on the petition were not genuine.
1. We are of the opinion that the trial court was correct in confirming the order of the Board of County Commissioners of Dodge County ordering dissolution of School District No. 5 and attaching its lands to School District No. 204. Under § 122.28 there was no requirement *413 that the signers of a petition for dissolution of a school district designate a choice as to the district to which the lands of the district to be dissolved should be attached. This was left to the sound discretion of the Board of County Commissioners in the county in which the dissolved school district was located and its actions therein will be upheld on appeal if it appears that such board had jurisdiction and acted in the best interest of the territory involved. § 122.32. As stated in In re Dissolution of School Dist. No. 33, 239 Minn. 439, 446, 60 N.W. (2d) 60, 65:
"* * * with respect to a functioning school district, the petition is a jurisdictional prerequisite only to effect a dissolution [italics omitted] and that the part of the petition which prays for the subsequent attachment of the territory to another school district is surplusage." (Italics supplied.)
So here the described mutilation or alteration of the petition for dissolution was without effect in so far as the validity of the proceedings is concerned. It is not disputed that the petition was signed by all resident freeholders and was properly filed. It must follow that when it was presented for hearing to the Board of County Commissioners of Dodge County, that board had jurisdiction to act upon it. § 122.28. Since no evidence was presented to support a finding that any action taken by the Dodge County board was arbitrary, oppressive, fraudulent, or unreasonable, or under an erroneous theory of law, it is clear that the district court had no choice other than to affirm the order from which the appeal was taken. In re Dissolution of School Dist. No. 33, supra; In re Dissolution of Ind. School Dist. No. 27, 240 Minn. 257, 60 N.W. (2d) 617; In re Consol. School Dist. No. 16, 241 Minn. 454, 63 N.W. (2d) 543; In re Certain School Dists. Freeborn County, 246 Minn. 96, 74 N.W. (2d) 410.
2. As to the claim that the Olmsted County board had not approved or confirmed the order of attachment to School District No. 204 pursuant to § 122.28, the record establishes that such approval was ordered by this board on November 12, 1958. The fact that an appeal from its order had not been determined at the time of the Dodge *414 County District Court hearing would not serve to oust the latter of its jurisdiction, or invalidate the action of the Dodge County board in dissolving School District No. 5 and attaching its land to School District No. 204. Should it later be determined that for any reason the order of the Olmsted County board was invalid, then the Dodge County board might make such order or take such action for attachment as it deemed reasonable and necessary. The District Court of Dodge County retained jurisdiction to cover such a situation. It could not have acted otherwise under the circumstances.
3. Finally, we do not agree that the action of the Dodge County board constituted a violation of Minn. Const. art. 8, § 3, which requires that the legislature make provision by taxation or otherwise to secure "a thorough and efficient system of public schools in each township * * *." In enacting M.S.A. c. 122 and c. 123, the legislature gave effect to this constitutional requirement. The constitutional provision requires merely that each township have a thorough and efficient public school system. It does not specify that as a part of such system the legislature must provide that school structures be located within the territorial limits of each township within the state. In the interests of economy and because of population requirements, it may be essential that the actual school structures be located in adjoining townships. When provision is made for such a system, we are of the opinion that all constitutional requirements of Minn. Const. art. 8, § 3, have been complied with.
Affirmed.
NOTES
[1] M.S.A. 1953, § 122.28, amended by L. 1955, c. 858, § 10, provided in part: "Subdivision 1. Any district in which for two years no school has been held and no provision made by it for the education of * * * its pupils may be dissolved by the county board on its own motion; or such district, or any other district, may be dissolved by the county board on a petition signed by a majority of the resident freeholders of the district who are entitled to vote at school elections therein, or on presentation of resolutions passed by a majority vote at a legal meeting of the electors of the district.

"Subd. 2. The territory of a district so dissolved shall be attached by order of the board to one or more existing district, or to unorganized territory, upon notice as in other cases of changes of boundaries, as in its judgment shall seem most equitable having regard to the convenience of the inhabitants."
[2] Section 122.32 provided in part: "Any school district officer or any other person aggrieved by any order of the board of county commissioners made pursuant to the provisions of this chapter may appeal from such order to the district court of the county upon the following grounds:

"(1) That the board of county commissioners had no jurisdiction to act;
"(2) That it exceeded its jurisdiction;
"(3) That its action is against the best interest of the territory affected."