IN RE DISSOLUTION AND DISTRIBUTION OF SCHOOL DISTRICT NO. 5, DODGE COUNTY.
JAMES R. BROSSARD AND OTHERS v. VICTOR DURST AND ANOTHER.

120 N. W. (2d) 319.

January 18, 1963—No. 38,710.

*H. J. Edison,* for appellants.
*Eustis, Keith & Price,* for respondents.

NELSON, JUSTICE.
Proceedings for dissolution of School District No. 5 of Dodge Coun-

ty, instituted pursuant to Minn. St. 1953, § 122.28, resulted in an order made in 1956 by the Dodge County Board of County Commissioners dissolving the district and directing attachment of its lands to School District No. 204, which is situated in Dodge and Olmsted Counties. On an earlier appeal by appellants to this court in 1960 we affirmed the order of the Dodge County District Court upholding the order of the board. In re Dissolution and Distribution of School Dist. No. 5, 257 Minn. 409, 102 N. W. (2d) 30.

After a hearing held November 12, 1958, the Olmsted County Board of County Commissioners made an order approving attachment of District No. 5 to District No. 204. Appellants appealed from that order to the Olmsted County District Court, which ordered summary judgment for respondents. This appeal is from its subsequent order denying appellants' motion for amended findings or a new trial.

The appeal was submitted to the district court on a stipulation of facts which provided:

"1. That it is hereby stipulated and agreed that at the hearing of the county commissioners, Olmsted County, * * * neither the original petition signed by resident freeholders of Dodge County, Minnesota, had been filed with the County Auditor nor had any petition addressed to the Board of County Commissioners of Olmsted County been filed with the County Auditor for presentation to the Board of Commissioners of Olmsted County.

"2. It is further stipulated and agreed that at said hearing the petition addressed to the Dodge County Board of Commissioners was physically exhibited to the assembled commissioners.

"3. It is further stipulated that the only issue on the appeal is the issue of the jurisdiction of the Olmsted County Board to act in the matter of the attachment of School District No. 5 Dodge County to School District 204 Olmsted-Dodge County, Minnesota."

The stipulation makes it clear that the sole question before the district court was whether, upon according due notice and hearing to all interested parties, including appellants, the Olmsted County board had jurisdiction to make and issue its order after physical exhibition to it of the petition addressed to the Dodge County board.

Appellants claim that no petition was presented to the Olmsted County board as required by Minn. St. 1953, § 122.28, and that the board was therefore without jurisdiction to make its order of approval and attachment. Respondents take the position that jurisdiction was conferred upon the Olmsted County board when the original petition addressed to the Dodge County board and filed with its county auditor was physically exhibited to the Olmsted County board.

The order issued by the Olmsted County board and approved by the district court stated:

"The above matter is now before the County Board of Olmsted County on its order for hearing on the proposed attachment of School District Number 5, Dodge County, to Independent School District 204, Dodge and Olmsted Counties (Kasson-Mantorville).

"It appeared that due notice as required was served and posted.

"* * * opponents of said attachment appeared with their attorney, H. J. Edison.

"After considering the arguments for and against such attachment, the county board of Olmsted County does resolve that such annexation is desirable and that said attachment is hereby approved and ordered."

In a memorandum accompanying its order for summary judgment in respondents' favor, the district court said:

"Substantial compliance by the Olmsted County Board and by the petitioners is all that is required under the circumstances and the facts in this case. The Olmsted County Board with full knowledge of the facts adopted a resolution determining that the annexation was desirable and that the attachment should be approved and ordered. The mere fact that the original petition or a copy thereof was not actually filed with the Olmsted County Board will not invalidate the proceedings. The unsuccessful minority seek to overcome the will of the majority by a technicality. The Supreme Court of Minnesota said in the case entitled 'In re Dissolution of School District No. 33,' 60 NW2d 66, 'Mere irregularities which do not go to the substance and which may be disregarded without a sacrifice of the essentials of good procedure, such as a requirement that a petition for

dissolution shall not mislead interested parties and boards as to its purpose are not jurisdictional.' "

While the petition that came before the Dodge County board for dissolution and attachment of School District No. 5 had not been filed with the county auditor of Olmsted County, the record is clear that it had been duly filed with the county auditor of Dodge County and that this was fully disclosed when it was exhibited at the hearing before the Olmsted County board.

In In re Dissolution and Distribution of School Dist. No. 5, *supra,* the proceedings before the Dodge County board were found to be legal. The present proceedings are therefore based in part upon questions which have previously been adjudicated between the parties. The record discloses that in the proceedings before the Olmsted County board it had before it, at the time of hearing, the petition addressed to the Dodge County board and that this petition was physically exhibited to the board and the interested parties present. That petition and the order of the Dodge County board dissolving District No. 5 and resolving that its lands be attached to District No. 204 were facts which the trial court found to be a sufficient foundation for the jurisdiction of the Olmsted County board in making the attachment order. The record shows that the notice required by Minn. St. 1953, §§ 122.07 and 122.09, was given.

The order of the board rests upon Minn. St. 1953, § 122.28, subd. 1, which provided:

"Any district in which for two years no school has been held and no provision made by it for the education of its pupils may be dissolved by the board of county commissioners on its own motion; or such district, *or any other district*, may be dissolved by the board of county commissioners on a petition signed by a majority of the resident freeholders of the district who are entitled to vote at school elections therein, or on presentation of resolutions passed by a majority vote at a legal meeting of the electors of the district. The territory of a district so dissolved shall be attached by order of the board to one or more existing districts, * * * as in its judgment shall seem most equitable having regard to the convenience of the inhabitants. * * * If the dis-

trict or any part thereof is to be annexed to an adjoining district which lies in a different county, such annexation shall not be effective until such petition or resolution has been presented to the board of county commissioners of each county and each such board has made its order granting the same in the manner herein provided." (Italics supplied.)

This court held in In re Dissolution of School Dist. No. 33, 239 Minn. 439, 60 N. W. (2d) 60, that when this statute was amended it was clearly intended to extend its application to all school district dissolution proceedings and that any other holding would ignore the plain meaning of the statutory phrase, "any other district."

Respondents contend that "petition" and "resolution" in the last sentence of § 122.28, subd. 1, mean the petition to the Dodge County board for dissolution and its resolution that the dissolved district be attached to District No. 204. We think their contention must be sustained. The petition for dissolution of District No. 5 and the subsequent dissolution and approval of attachment ordered by the Dodge County board were the foundation upon which the Olmsted County board acted. Once School District No. 5 had been dissolved, it was mandatory that the Dodge County board also issue an order of attachment.

Where, as in the instant case, a district to which attachment of the lands of a dissolved district is ordered lies partly in another county, the board of county commissioners of the adjoining county must approve the order of dissolution and of attachment made by the county board before which the proceedings were initiated. This duty is not conditioned upon the petition for dissolution, but upon the resolution or order of the county board originally ordering dissolution and attachment, which attachment must be adopted and approved by the adjoining county board. Thus, although the Olmsted County board was required to hold a hearing on the proposed attachment and to give notice thereof to interested parties, the act of attachment rested solely with it and the Dodge County board. The only purpose of the required notice was to give those affected by the proposed action of the county board a chance to be heard. In re School Dist. No. 52,

240 Minn. 318, 61 N. W. (2d) 236. Such opportunity was fully provided at the hearing of the Olmsted County board.

Minn. St. 1953, § 122.28, subd. 1, does not speak of two petitions but of "such petition." This would imply that it refers to the petition which the Dodge County board acted upon and which had been filed with the Dodge County auditor. By being physically exhibited to the Olmsted County board at its hearing, the petition was "presented" to it as required by § 122.28, subd. 1, and was therefore before each county board at its hearing.

This court, speaking of the form of such a petition, said in In re Dissolution of School Dist. No. 33, 239 Minn. 439, 448, 60 N. W. (2d) 60, 66:

"* * * Mere irregularities which do not go to the substance and which may be disregarded without a sacrifice of the essentials of ordinary procedure, such as the requirement that a petition for dissolution shall not mislead interested parties and boards as to its purpose, are not jurisdictional."

This court also said in that opinion (239 Minn. 446, 60 N. W. [2d] 65):

"* * * with respect to a functioning school district, the petition is a jurisdictional prerequisite only to effect a dissolution and * * * the part of the petition which prays for the subsequent attachment of the territory to another school district is surplusage." (Italics omitted.)

We think the language used in that opinion applies with equal force to the facts of the instant case. It is our view, and we hold, that the irregularity urged by appellants does not go to the substance of the action taken by the Olmsted County board and that no essentials of ordinary procedure required to prevent prejudice to interested parties are missing.

Appellants rely on In re School Dists. Nos. 44 and 84, 253 Minn. 128, 91 N. W. (2d) 164. A reading of the case indicates to us that it is neither in point nor analogous to this case.

It is recognized by the courts that a board of county commissioners acting in proceedings for dissolution, attachment, or consolidation

of school districts is exercising a legislative function which is not governed by judicial standards, and its determinations are therefore subject to successful attack only when its action is clearly arbitrary, unreasonable, unjust, or against the best interests of the public. In re Dissolution of School Dist. 33, *supra*.

The mere fact that the original petition or a copy thereof was not actually filed with the Olmsted County board (although it was with the Dodge County board) will not invalidate the proceedings of the Olmsted County board. That board, acting in its legislative capacity, found no reason to object because the technicality of filing the petition in the Olmsted County auditor's office was overlooked, and it properly could and did act upon "such petition," which was presented at the hearing preceding its order. Nor do we find anything to indicate that its order was arbitrary or unreasonable.

The order of the trial court is therefore affirmed.

Affirmed.

Mr. Justice Sheran, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.