## M. B. ROLLINS vs. WM. W. NOLTING.

Submitted on briefs May 4, 1893.   Decided May 9, 1893.

**Jury Disagreeing, Discharged.**
*Held*, that in this case there was no abuse of discretion in discharging the jury because of their inability to agree.

**Jurors' Fees to be Paid in Advance.**
In justice's court a party calling for a jury must pay the jurors' fees into court in advance, and, if he refuses to do so, the justice may proceed to try the case without a jury.

**District Court Always Open.**
Under 1878 G. S. ch. 66, § 244, as amended in 1868, any issue or question of law alone, such as an appeal from a justice of the peace on questions of law alone, may be brought on for hearing before the court at any time.

Appeal by defendant, William W. Nolting, from a judgment of the District Court of Stevens County, *Calvin L. Brown*, J., entered September 21, 1892.

The plaintiff, M. B. Rollins, made complaint before a Justice of the Peace under 1878 G. S. ch. 84, § 11, that defendant detained from him lots sixteen (16) and seventeen (17) in block two (2) in the Village of Morris, in violation of the terms of a lease thereof by plaintiff to defendant, and asked restitution. Issue was joined, a jury impaneled and the evidence of the parties submitted, August 22, 1892; but the jury were unable to agree, and after being out all night, were discharged by the Justice. The defendant then demanded that another jury be impaneled, but refused at that time, to advance the second jury fee. The Justice refused to order the

Sheriff in attendance to make a list of jurors or to issue a venire, unless the defendant should first deposit the jury fee in court. This he refused to do, and the Justice proceeded to try the case without a jury. The defendant offered no evidence and left the court. The plaintiff submitted his evidence and the Justice rendered judgment for restitution and $31.74 costs. Defendant on August 25, 1892, appealed to the District Court on questions of law alone. Return was at once made and filed, and on August 27, 1892, the plaintiff noticed the appeal for trial before the District Court at Chambers on September 6, 1892. On that day defendant appeared and objected that the cause was not noticed for trial at either a general or special term, and could not be brought to trial at Chambers without his consent. The objection was overruled, the Court saying: "1878 G. S. ch. 65, §§ 118, 123, are intended to hasten, not to delay the trial of appeals; to fix a time beyond which the appellant can not permit his appeal to remain unprosecuted except for cause shown." Defendant excepted to the ruling. The appeal was then tried and the judgment appealed from affirmed. From this judgment defendant appeals to this court.

*S. A. Flaherty*, for appellant.

*Spooner & Taylor* and *H. T. Bevans*, for respondent.

MITCHELL, J. The record shows that the case was given to the jury about five o'clock in the evening; that they were out all night, and until seven o'clock the next morning, when, upon their informing the justice that they had not agreed on a verdict, he discharged them. The provisions of 1878 G. S. ch. 65, § 60, and ch. 84, § 10, authorizing a justice to discharge a jury because of their inability to agree, are, we apprehend, but declaratory of the pre-existing rule that if, after a jury has been out a reasonable time, the court, in the exercise of a sound discretion, is satisfied they cannot agree, he may discharge them.

1. Even assuming that the exercise of this discretion is reviewable in any case, and that the abuse of it could ever be taken advantage of by a party in a civil action, we are quite clear that there was in fact no abuse of it in this instance. Where, in a case like the present, a jury had failed to agree on a verdict after being out fourteen hours, including a night, the justice had certainly reasonable

ground for concluding that they would be unable to do so unless forced to it under unreasonable pressure and constraint.

2. The jury having been thus discharged, the defendant demanded of the justice to direct the proper steps to be taken for issuing a venire for a new jury. The justice then called on the defendant for the jury fees prescribed by 1878 G. S. ch. 70, § 30, as amended by Laws 1891, ch. 83. The defendant declined to advance the jury fees at that time, because as yet no jurors had been selected or venire issued. The justice thereupon held that, because of this refusal to deposit the requisite jury fees, the defendant was not entitled to a jury, and proceeded to the trial of the cause without one. In this the justice was right.

The plain meaning of the statute is that the party calling for a jury must in the first instance pay their fee. Of course, if he succeeds in the action he is entitled to recover it from the other party as disbursements. And, while the statute nowhere provides in express words when the fee shall be paid, yet we think it clearly implies that payment should be made in advance. It should accompany the demand for a jury, or at least be made on request of the justice; and until the amount is deposited the justice is not required to take any steps towards issuing a venire. A refusal to pay the fees when thus demanded amounts to a waiver of the right to a jury trial. *Randall* v. *Kehlor*, 60 Me. 37.

It can hardly be necessary to add that if there be a mistrial because of the disagreement of a jury, and a party calls for a second one, he must also pay its fees.

3. The defendant appealed to the district court on questions of law alone, and, after the return had been filed in that court, the plaintiff noticed the case for argument before the court at chambers. This the defendant assigns as error. 1878 G. S. ch. 66, § 244, as amended by Laws 1868, ch. 90, provides that, "in addition to the general terms, the district court is always open * * * for the hearing and determination of all matters brought before the court or judge, *except the trial of issues of fact.*" This language is certainly broad enough to include issues of law, and all questions of law alone. A comparison of the original section with the amended one plainly shows that the amendment of 1868 was intended to accomplish this very end, and set at rest whatever doubt might have

previously existed as to what matters might be brought on for hearing before the court at chambers. 1878 G. S. ch. 65, §§ 118, 123, (which were in existence long before the amendment of 1868,) are in no way inconsistent with this view. As was said in *Chesterson* v. *Munson,* 27 Minn. 498, (8 N. W. Rep. 593,) these provisions were intended to hasten, and not delay, the trial of appeals from justice's court.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1118.)