## DR. WARD'S MEDICAL COMPANY v. J. L. WOLLEAT AND OTHERS.[1]

April 15, 1921.

No. 22,113.

**New trial — new notice of trial.**

> After a case has been tried and determined and a new trial granted. a new notice is necessary to bring the case on again for trial, and, if a party is required to go to trial without such notice, he may have a verdict against him set aside and a new trial granted.

Action in the district court for Becker county to recover $1,173.67 upon a written contract. The case was tried before Nye, J., who at the close of the testimony denied plaintiff's motion for a directed verdict in its favor, and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Johnston & Carman* and *Tawney, Smith & Tawney,* for appellant.

*Eric L. Winje* and *M. J. Daly,* for respondents Londeen and Dalve.

HALLAM, J.

This case was regularly on the calendar of the district court for trial and was tried and a verdict rendered for defendants. On motion of plaintiff a new trial was granted. No notice of trial was thereafter served, but the case remained on the calendar. At the opening of the succeeding term, about six weeks after the new trial was granted, plaintiff moved that the case be stricken from the calendar. The motion was denied and eight days later the case was called for trial, and was fully tried and a verdict rendered for defendants. Plaintiff contends that, after the case had been tried and determined and a new trial granted, a new notice of trial was necessary to bring the case on again for trial and that it was error to refuse to strike the case from the calendar.

[1] Reported in 182 N. W. 523.

The decisions in the various districts in the state are not in harmony on this question of practice and it is important that it be settled.

The statute provides that, when a case is noticed for trial, it remains on the calendar "until tried or until stricken off by the court." G. S. 1913; § 7793. Under a former statute, in which the words "until finally disposed of" stood in place of the words "until tried," it was held that where a new trial was granted by this court on appeal, a new notice of trial was necessary after remand of the case. Mead v. Billings, 43 Minn. 239, 45 N. W. 228. There seems to be no logical distinction between that case and the one at bar, and the reasons there given are applicable to the facts here presented. We hold, therefore, that under the present statute, a new notice of trial is necessary after new trial granted by the trial court.

A majority are also of the opinion that, since the right to a notice of trial is statutory, plaintiff is entitled to have the verdict set aside and a new trial granted regardless of whether prejudice has resulted or not.

With this proposition, the writer of this opinion does not agree. Our statute provides that, "in every stage of an action, the court shall disregard all errors * * * in the * * * proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof." G. S. 1913, § 7789. There is no showing of prejudice in this case. Plaintiff's evidence consisted of depositions and the cross-examination of two of defendants. There is no suggestion that it desired any other. Under the statute, prejudice is not presumed. It must be shown. Oborn v. State, 143 Wis. 249, 278, 126 N. W. 737, 31 L.R.A.(N.S.) 966.

The statute seems to me to cover this case. The same result was arrived at in Michigan without the aid of any statute. Killackey v. Killackey, 156 Mich. 127, 120 N. W. 680. See also Martinis v. Johnston, 21 N. J. Law, 239.

In conformity with the opinion of a majority of the court, the order appealed from is reversed and a new trial granted.