## 19956

GENERAL BATTERY CORP. et al., Appellants, v. CITY OF
GREER, South Carolina, et al., Respondents

(211 S. E. (2d) 659)

534

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Appellants,*

*Messrs. Leo H. Hill,* and *Julius B. Aiken,* of Greenville, *for Respondents,*

February 7, 1975.

*Per Curiam:*

This case is before us on appeal from the Order of the Honorable Clarence E. Singletary, Presiding Judge, the Court of Common Pleas for Greenville County. We are of the opinion that his Order properly sets forth and disposes of the questions raised on appeal to this Court. Let his Order, with deletions and changes we have made of matters not necessary to the disposition of the questions involved, be printed as the directive of this Court.

## ORDER OF JUDGE SINGLETARY

This suit was commenced by the Plaintiffs against the City of Greer and the members of the City Council, seeking to declare invalid an annexation procedure by which an area adjacent to the City of Greer was annexed on the 8th day of August, 1972. It is alleged and admitted that the election resulted in a combined vote in favor of the annexation, however, the Complaint attacked the annexation process at every stage.

A careful consideration of the Complaint, Answer, Testimony and evidence leads the Court to the conclusion that only issues of law are presented, although the Court, nevertheless, heard and considered the testimony and evidence which shall be hereinafter discussed to some extent.

The Complaint attacks the annexation process, initially, at the Petition stage in that the following complaints are made against the Petitions:

(1) Paragraph Six complains that three (3) methods of annexation appeared in the Petitions;

(2) Paragraph Seven complains that the definite code section under which the Petitions were circulated was not set forth in the Petitions;

(3) Paragraph Eight complains that the Petitions circulated were "unfair and unlawful" because they proposed

to give the Defendants a choice of three (3) methods by which annexation would be carried out, without advising the signers fully, completely and definitely as to their rights.

The Petitions were further attacked by Paragraph Nine of the Complaint in that the adequacy of the "word description" is questioned.

Paragraph Eleven raises the issue that the City Council did not enact an ordinance as required by statute annexing the area in question subsequent to the certification of the election results.

Paragraph Twelve of the Complaint, in substance, alleges that the Plaintiffs own a majority or near majority of the assessed real estate and personal property in the annexed area and that they were not entitled to vote against the proposal because they resided both outside the City of Greer and the area to be annexed.

Paragraph Thirteen alleges that the Plaintiffs were denied their constitutional rights under Amendment 14, and Article 1, Section 5, of the South Carolina Constitution in that they were deprived of their right or liberty or property without due process of law.

Paragraph Fourteen alleges that the Petitions circulated were "improper, inadequate, illegal and discriminatory".

Paragraph Fifteen alleges that the Defendants arbitrarily selected the area to be annexed without any sound reason therefor.

Paragraph Sixteen alleges that the Court should declare the annexation to be invalid because the same is "illegal, void, unreasonable, and arbitrary".

The Petitions, circulated by interested citizens, residing in the area sought to be annexed to the City of Greer is composed of three paragraphs, the first of which sets forth in clear, unequivocal and adequate language, the three statutory methods by which annexation

could be effectuated. It explains that Section 47-19.5 requires signatures of freeholders owning seventy-five (75%) per cent of the assessed value of the area to be annexed, in which event no election would be necessary. The Petition further explains, "* * * in the event that less than seventy-five (75%) per cent of such freeholders are obtained, then this Petition may be submitted, nevertheless, to City Council under provisions of Sec. 47-19.11". The Petition further explains that under the last mentioned Section, if the signatures of twenty-five (25%) per cent of the freeholders residing in the area to be annexed appear on the Petition, then a referendum and election would be held to determine the question of annexation. The following also appears in the Petition: "* * * provided further, this Petition may be deemed pursuant to Sections 47-11 through 47-17 * * *, in the event more than fifty (50%) per cent of the freeholders residing in the area described sign the Petition, then the City Council may elect to proceed under those statutory provisions, which provide for an election without a referendum of the freeholders".

The following language, appearing as paragraph Two of the Petition is, especially, significant: "We, the undersigned citizens, who are freeholders in the area hereinafter described, which is property to be annexed to the City of Greer, do hereby petition the City of Greer upon the fulfillment of statutory requirements of Section 47-19.5 *or* 47-19.11, *or* if the case be Sections 47-11 through 47-17 of the 1962 Code of Laws of the State of South Carolina, as amended, to take all such steps as *are necessary to annex this area to the City of Greer"*. (Emphasis added.)

The foregoing is a clear mandate of a majority of the freeholders residing within the area proposed to be annexed, that the City of Greer should proceed under the applicable section of the Code as recited, depending upon the number of signatures obtained on the Petitions.

Obviously, from the foregoing quoted language there is no merit in the contention that the definite code section un-

der which annexation was proceeding did not appear, because, patently, three groups of code sections specifically establishing the criteria for annexation, followed by an explanation of each do, in fact, appear. The one method to be employed was determined by the number of signatures obtained on the Petitions. A search of the authorities does not reveal any case where such an alternative Petition has been questioned. The intention of the signing freeholders under the Petition was to secure the annexation of the territory described herein, the same to be accomplished by the most expeditious alternative to the City Council, such alternative depending upon the percentage of the petitioning freeholders. Sections 47-11 through 47-17 of the 1962 Code of Laws of South Carolina became the applicable section because more than 50% of the freeholders signed the Petition. The use of such alternative is not only valid but expeditious.

With reference to the sufficiency of the description of the area annexed as raised by Paragraph Nine of the Complaint, the Court is impressed by the fact that no witness claimed to have been misled thereby where his legal rights were concerned in connection with the sufficiency or understanding of the legal description. Moreover, the "word description" was sufficient enough to permit counsel for the Plaintiff to discern the boundary lines and to prepare an elaborate plat of the annexed area which was exhibited during the trial and introduced in evidence by the Plaintiffs. In addition to the "word description", the Court finds that a map of the annexed area was also attached to the Petition and although *not* required by the section under which annexation actually occurred, it did afford additional information to supplement the "word description" and inasmuch as they were circulated together, the Court must consider the Petition and Exhibits attached thereto as a whole in determining the adequacy of the description. The Court finds that the "word description" was an adequate description as was the attached map and both considered together, as circulated, were more than an adequate description.

The array of Plaintiff's witnesses failed to carry weight with this Court. Many of them did not even vote in the election; two of them were not even registered electors, and several of them signed at least three Petitions (one opposed to and two in favor of annexation). None of them could affirmatively testify that they had carefully read the Petitions and after so doing, were misled thereby. To the contrary, they did not read the Petitions and freely signed after only skimming over them. Only one witness testified he voted against the annexation. It is significant that his vote was a part of the admitted results rather than a showing that the election results would have been different by reason of his having been misled by reasons of one or more of the alleged defects complained of.

In connection with the sufficiency of the description, our Supreme Court said in *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91, "* * * seem to us to be quite sufficient to enable a person of ordinary reason and intelligence to identify the property involved . . . the references to roads, drives, highways and adjacent boundaries are so clearly expressed that we do not think the adequacy of the description may be properly impugned . . .."

The "word description" against which the attack of inadequacy is made follows common, well-known boundaries, such as roads and railroad tracks and lots described upon the County Block Book and in some cases by ownership, all of which information, should specific details be required, are ascertainable on the ground or the public records and is sufficient for a legal document or the purpose of a surveyor and within the meaning of the *Harrell* case, *supra,* the same is an adequate, sufficient and correct description. So much of the Petition as attacks the sufficiency of the description for failure to close by describing the common boundary between the City and the adjacent annexed area where the point of beginning and ending was on the City boundary, is put to rest by the case of *Johnson City et al. v. Clinchfield R. Company,* 163 Tenn. 332, 43 S. W. (2d) 386, in which

that Court, where the description was under attack, in an annexation case, passed upon the very same issue, in the following language: "Description setting out concluding call of territory to be annexed to city as beginning at point in corporate line and ending at point in corporate line, *held* sufficiently definite against claim that description failed to set out concluding call back to the point of beginning".

Here, we are not dealing with conveyance of property, but merely the extension of a City Limits to include an adjacent area, having as such, a common boundary line. In this connection, every witness for the Plaintiffs admitted that he knew that his real estate was included within the area sought to be annexed, at a time when the petitions were being circulated.

Paragraph XI of the complaint alleges that the City of Greer never passed an Ordinance formally annexing the adjacent area. Defendants' Exhibit Number 14, which is an effective resolution, dated September, 1972, appearing on the official minute book of the City of Greer, puts this issue to rest.

Paragraph Twelve complains that the Plaintiffs are owners of a majority or near majority of the assessed real and personal property within the annexed area and were not entitled to vote for or against the proposal because they do not reside within the corporate limits of the City of Greer or within the boundary lines of the annexed area and further, that their corporation as such has no right to cast a ballot. This contention and the alleged violation of Amendment 14, and Article 1, Section 5, of the South Carolina Constitution, are without merit. In connection with Constitutional objections raised in the *Harrell* case, *supra,* the following language quoted with approval from 37 Am. Jur. 639, is most applicable, "In the absence of constitutional limitations it is generally considered that the power of a state legislature over the boundaries of the municipalities of the state is absolute and that the legisla-

ture has power to extend the boundaries of a municipal corporation, or to authorize an extension of its boundaries, without the consent of its inhabitants of the territory annexed, or the municipality to which it is annexed, or even against their expressed protest".

The general import of the *Harrell* case, *supra* (it is cited therein), applicable to this issue is set out in 56 Am. Jur. (2d) Municipal Corporations, Sec. 25, p. 114, as follows: "A statute annexing or authorizing the annexation of territory to a municipal corporation does not violate the rights of the individual residents of the affected territory either as citizens or as taxpayers. There is no contract between the citizens and taxpayers of a municipal corporation and the corporation itself that the citizens and taxpayers shall be taxed only for the uses of that corporation and shall not be taxed for the uses of any like corporation with which it may be consolidated. It is generally held that the Courts cannot interfere with the annexation of territory to a municipal corporation even if the effect is to subject the annexed territory to taxation for municipal purposes from which it derives no benefit. A statute providing for the annexation of territory to an existing municipality is not objectionable because it may result in the taxation of property within the annexed territory to pay a pre-existing indebtedness of the municipality to which it has been added. Thus, a constitutional debt limit does not prohibit the consolidation of several municipalities, some of which are indebted beyond the limit, even if the effect is to make the property in the municipalities not so indebted subject to taxation, to meet an indebtedness which it would be unconstitutional to create anew".

With reference to the position of the Plaintiffs that the Plaintiff corporations were not afforded the right to vote in such election nor were others connected with the corporation because they resided outside the corporate limits, attention is called to Sec. 47-16 of the 1962 Code of Laws for the State of South Carolina, which provides that in con-

nection with qualifications for voting in such an annexation election one must be a "registered qualified elector", residing either within the corporate limits of the municipality or within the territory sought to be annexed.

The Plaintiffs further contend that due process has been violated where they are concerned inasmuch as the Plaintiff corporation owns a majority of the assessed value of the real estate situate inside the territory sought to be annexed and by reason thereof, will pay some $19,000.00 to $20,000.00 to the City of Greer, which amount is equal to or more than the taxes to be paid by the balance of the landowners within the area annexed. In this connection the Court adopts Sec. 60 under Municipal Corporations, P. 115, of 56 Am. Jur. (2d), which is as follows: "It has generally been held that the extension of municipal boundaries, and the subjection of the annexed territory to taxation, do not amount to taking private property for public use without just compensation. Neither is it unconstitutional as depriving the people of the annexed territory of their property without due process of law through the imposition of taxes or additional taxes, as where, by the method of voting prescribed by the annexing statute, the voters of the lesser municipality are overpowered by the voters of the larger and the annexation compelled without their consent and against their protest."

There is no evidence or law to support a conclusion of violation of due process, but to the contrary, the exhibits and testimony clearly show that the Defendants have, substantially, complied with the statutory laws relative to annexation pursuant to Sections 47-11 through 47-17 of the 1962 Code of Laws of the State of South Carolina, and it has been universally held that where there is a substantial compliance with the statutes in such cases, that due process is thereby afforded. In addition, there is a complete absence of evidence to support the general assertion and conclusion of Paragraph Thirteen and therefore, this conclusion stands alone without evidentiary support and is regarded by the

Court as false for the want of evidentiary support and moreover, the same is denied by the Answer, thereby placing the burden of proving the same upon the Plaintiffs.

The allegations of Paragraph Fourteen, which attacks the Petition as being "improper, inadequate, illegal and discriminatory" is without evidentiary support and the Court concludes, after a careful perusal of the Petitions that the same were, in fact, proper, adequate and legal. The Court further recognizes that these allegations are conclusion unsupported by the evidence, and moreover, no attack was made upon the Petitions prior to their being acted upon by the governing body of the City of Greer. It is generally held that a signer to such a Petition has a right to withdraw his name therefrom at any time before the same is acted upon by the governing body to whom it is directed. *Hawkins et al. v. Carroll et al.,* 190 S. C. 11, 1 S. E. (2d) 898; *Seibert v. Lovell,* 92 Iowa 507, 61 N. W. 197. *In re Dissolution of School District,* 239 Minn. 439, 60 N. W. (2d) 60. *Meyer v. Village of Waite Park,* 278 Minn. 20, 152 N. W. (2d) 778. It is significant that no signer of the Petition testified that he desired that his name be deleted therefrom or that he at any time before or after the Greer City Council acted upon the Petitions requested that his name be withdrawn from such Petition.

In addition to the foregoing, Paragraph Fourteen also attacks the ballot as being "improper, inadequate, illegal and discriminatory". The Court has carefully considered a copy of the Ballot (with Tally Sheet attached, both of which are in evidence). The heading on the Ballot clearly indicated that the same is being used in a "Special Annexation Election", and that the same is an "Official Ballot" for the area known as "Kings Acres Area, City of Greer, S. C.", and bearing the date of "August 8, 1972". The instructions appearing on the Ballot clearly state that if the voter desires to vote in favor of having the King Acres Area annexed to the City of Greer, that he do so by placing an X in the square at the end of Line No. 1,

and if he desires to vote against annexing this area to the City of Greer, that he make a cross in the voting square at the end of Line No. 2.

Line No. 1 states, "I favor annexation of the above King Acres Area", with a square at the end of the line for the voter's choice. Line No. 2 provides, "I oppose the annexation of the above King Acres Area", with a block at the end of said line for the voter's choice. Also appearing on the Ballot under the word: "QUESTION:" is the following language: "Shall the above area known as King Acres lying on the west side of the present corporate limits of the City of Greer and in Greenville County and described above in the Petition for annexation with accompanying maps of said area and duly filed in the Office of the City Clerk and Treasurer be annexed to the City of Greer?"

The Court concludes that the foregoing Ballot was sufficient to put the voter on notice as to the kind of election being held, what the issue was, and the instructions for voting for or against the proposal were explicit, simple, clear and unequivocal. There is no testimony or evidence adduced by the Plaintiffs to support any other conclusion.

The same complaints are made of the same "word description" appearing on the ballot as were made of the same "word description" appearing in the petition thus the Court's conclusion is the same.

The Plaintiffs' allegations contained in Paragraph Fifteen of the Complaint questions the validity of the election and the resulting annexation based upon the proposition that the Defendants arbitrarily selected the area to be annexed without any sound reason therefor. This is a conclusion unsupported by the testimony and evidence. There is no evidence that the Defendants, City of Greer, and/or individuals acting in their official capacity had anything to do with determining the boundary of the area to be annexed, but to the contrary, the evidence, clearly shows that the annexation Petitions were submitted by the resi-

546

dents and freeholders of the area sought to be annexed and these citizens themselves had a right to select the area which they desired the City of Greer to annex. Therefore, there is no merit in this contention.

With reference to the 9th contention of the Plaintiffs that the annexation should be declared "illegal, void, unreasonable and arbitrary", the Plaintiffs have failed to sustain that burden of proof relative to these allegations which are unsupported conclusions.

A careful review of the Defendants' Exhibits and the testimony of the Town Clerk clearly indicate to the Court that there has been substantial compliance with every statutory requirement and that the annexation is, in fact and law valid and legal in every respect.